TotteN, J.,
delivered the opinion of the court.
This action was commenced before a justice of the peace, and the defendants were summoned to answer the plaintiff “ of a plea of trespass on the case, for disposing of one hogshead of tobacco, contrary to the order and direction of the plaintiff, it being the property of the plaintiff, to his damage fifty dollars.” Such is the nature of the action as stated in the warrant.
The tobacco wras assigned to Bradley 'to be shipped and sold on account and for the use of the plaintiff. It was shipped to and sold at Nashville and produced the nett sum of only eighteen dollars, it being partly injured by the frost, and tobacco being low in the market at the time it was sold. Hie plaintiff asserts that he ordered Bradley to cause the tobacco to be sold at Nashville, if it would bring five dollars per hundred; if not, to ship it to New Orleans and sell it for what it would bring; on the contrary, Bradley asserts that the order was, to sell it at Nashville for what it would bring. Bradley shipped the tobacco by the agency of Cage, the owner of the warehouse where it was stored on the river. Cage merely caused it to be shipped, in pursuance of directions from Bradley, and had no other agency in the matter.
*182 At the close of tbe evidence on the part of the plaintiff, the court directed a verdict to be found in favor of Cage, and he was examined for the other defendant as a witness. The court instructed the jury, that in this action the plaintiff could not recover the eighteen dollars, the proceeds of the sale at Nashville, to which exception was taken. No exception was taken to the balance of the instructions.
The judgment was for defendant, and plaintiff has appealed in error to this court.
First. It is insisted that the court erred in directing a verdict in favor of Cage. We do not think so. The plaintiff having closed his evidence in chief, it then appeared that there was no evidence against the defendant, Cage, and that he was improperly joined in the action to exclude his testimony for the other defendant. It was a fraudulent artifice, designed to take from Bradley the benefit of Cage’s testimony, who was a material witness to prove the instructions given by the plaintiff in reference to the sale of the tobacco. For there was no evidence whatever, against him. It is true, that as agent for Bradley, he shipped the tobacco; but of that no complaint can be made, as it is conceded that Bradley was to ship the tobacco to Naslivile. Hie ground of complaint is, that he caused it to be sold for a less sum than the plaintiff had ordered, and with the sale Cage had no connexion whatever. We think the action of the court in this respect was very proper. 1 Greenl. Ev., § 358; 14 Johns., 122; 15 Johns., 223; Child vs. Chamberlain, 6 C. & P., 213.
Second. It is insisted that the court erred in the instruction to the jury, that in the present action the proceeds of the sale could not be recovered.
*183 The action, is in tort, to recover damages for a sale made contrary to the orders of the plaintiff; and this proceeds upon the idea of a wrongful conversion of the tobacco, contrary to the contract of bailment. The plaintiff seeks to recover, not the nett proceeds of the sale, to which he was entitled under the contract, but a greater sum, in damages, because the contract was not complied with.
In any event, he is entitled to the nett proceeds, under the contract. But if he fail in his action for the tort and yet be allowed to recover what is due him on his contract, which sum is admitted by defendant to be due him, then he throws upon defendant the costs of a suit which lie himself should pay.
It appears in this case that defendant offered to pay the nett proceeds of the sale, and no suit was necessary for its recovery. If it had been necessary it must be upon the contract of bailment.
It is true, that the court 'will not regard the mere form of proceedings before justices of the peace, if they be substantially correct, so as to attain the justice of the case. But the two classes of actions arising ex delicto and ex contractu, cannot be united and blended together, without producing such confusion as must result in injustice and injury to the one party or the other.
Such would be the case in the present suit if the practice contended for were allowed.
Let the judgment be affirmed.