FreemaN, J.,
delivered the opinion of the court.
This is an action prosecuted for the recovery of damages, for alleged trespasses, charged to have been committed in 1864. On a trial in the court below a verdict was rendered for $2,500, on which judgment a writ of error is prosecuted to this court. The only *746 question presented in the case is on the action of the court in overruling a demurrer of defendants to the .declaration. The causes of demurrer set out are, first, that trespass on the case, instead of trespass with force and arms, ought to have been brought, and then that divers causes of action are improperly joined together in this suit. The latter ground is the only one relied on or pressed in this court, and raises the objection of duplicity, in a single count, or the allegation of several distinct causes of action being joined in the same count, to which different pleas might be pleaded, and whether such a count is open to the objection of a demurrer under our present system of pleading.
The declaration, after reciting a large amount of irrelevant matter by way of introduction, that need not be noticed, alleges that on the fourth day of June, 1864, the defendant, with force and arms, etc., broke and entered the plaintiff’s close, situated in the county of Johnson, with a loud noise, and aroused plaintiff and his family from slumber, and then and there made an assault upon the said plaintiff in the peace of the State then and there being, and him the said plaintiff did then and there beat, abuse and ill-treat, and then and there forcibly and wrongfully entered the dwelling house of the said plaintiff, his family being therein, and unduly and unlawfully searched said dwelling house, and then and there forcibly seized, took and carried away divers articles of personal property belonging to the plaintiff of great value, to-wit, one sorrel mare of the value of $150, one double barrel shot gun of the value of $30, one Colt’s pis *747 tol, a pocket pistol of $20 value, silver money of' value of $25, bank notes to the 'amount of $80, cow, and other articles,” etc., and then adds, “also with force and arms, and without any just and reasonable cause whatever, at to-wit on said day, then and there imprisoned the said plaintiff, and kept and detained him in prison for the space of thirty days, in which time they removed him to Sullivan county, and to-Abingdon, Virginia, handcuffed him, kept him under guard, etc., and other wrongs and injuries did to him to his damage,” etc.
There is a second count in the declaration for conversion of the property mentioned in the first count, to which no objection is made. The first count of the declaration contains a distinct allegation of two separate causes of action in any aspect of it, to-wit, the charge of an assault and battery, in the language quoted above, and which is that the defendants made an assault on plaintiff, etc., and him did then and there beat, abuse and ill-treat. The other fact of entering the close ' may be taken as a recital by way of inducement of the circumstances under which the assault was made, and probably might have been proven without having been stated at all, under the rule that “ the manner, motives, place and circumstances of the assault, though tending to increase the damages, need not be specially stated, but may be shown in evidence.” 2 Grenl. Ev., sec. 89. The other portion of the same count is just as clearly a distinct claim for entering the dwelling of plaintiff with force, wrongfully seizing the personal goods therein *748 described and carrying them away. The simple question then is as to whether an assault and battery on the person of plaintiff, and an action for taking and carrying away personal property of the plaintiff, can be joined in the same count of a declaration, and sus-sustained over a demurrer interposed for this cause. This could not be done at common law, or by the ancient system of pleading in use before the adoption of the Code. Let us see if any and what changes are made on this subject, and how they effect the question.
By the Code in chapter on Forms of Action, secs. 2746-2748, it is provided, “ all contracts may be sued on in the same form of action.” All wrongs and injuries to the property and person in which money only is demanded as damages, may be' redressed by an action on the facts of the case, and whenever the facts .of the case entitle the plaintiff to sue for breach of contract, or at his election, for the wrong and injury, he may join statements of his cause of action in both forms or either. Then follows provisions for bringing the action of replevin and detainer for recovery of specific personal chattels, and actions of ejectment and forcible entry, or detainer for recovery of real property. Then sec. 2757 is that “in all actions at law the cause of action shall be stated clearly, explicitly, and as briefly as possible.” It is urged that the provisions of sec. 2747, above quoted, sustains this declaration, providing that “all wrongs and injuries to the property and person in which money is demanded as damages, may be redressed by an ac *749 tion on the facts of the case. This can not be construed to mean that actions for wrongs and injuries done to the property of a party may be joined in the same count of the declaration with a cause of action for a wrong or injury done to the person, but only means that one form of action is appropriate to all such cases, that is a simple action on the facts of the case in which the cause of action, in the language of sec. 2751, shall be • stated briefly, clearly, and as explicitly as possible.- This view is sustained by the first section of the chapter, that an action on contracts may be sued on in the same form of action, showing that the mere form of the action is the matter intended to be provided for, and not a joinder of different causes of action in the same count of a declaration, drawn according to the form of action provided for in the section of the chapter. The subsequent sections of the ' Code, in articles 1 and 2 of chapter 9, we think clearly show the correctness of this view. Sec. 2881 provides that all pleadings shall state only material facts, without argument or inference, as briefly as is consistent with presenting the matter in issue in an intelligible form. And the next section, that if any pleading is bad for duplicity, unnecessarily prolix, irrelevant or frivolous, it may be stricken out at the cost of the party pleading, on motion of the adverse party, or by the court of its motion. In this section duplicity in pleading is expressly forbidden, and a pleading subject to this objection is liable to be stricken out on motion of the adverse party, or by the court, on its own motion. *750 Now if all causes of action arising from wrongs or injuries to property, or person, can be joined in the same count, the objection to duplicity, or separate and distinct causes of action in the same count, could never be raised, and this provision of the Code is rendered nugatory.
That the declaration was not intended to thus join separate and distinct causes of action in the same •count, is still more clearly shown by the further provisions of the Code, as in article 2 of this chapter, where it is provided that the declaration shall state the plaintiffs cause of action, that “ it may contain several statements or counts; but where several dis-distinct causes of action against the same party are joined, the court may direct separate trials of the issue, and then in the forms of declaration given in the Code it will be seen that this idea is strictly carried out. The rule contained in sec. 2896 goes clearly on the idea that a party may have several statements or counts in his declaration of distinct causes of action, but when thus joined as separate counts the court may order separate trials of the issue made on the distinct causes of action in such separate .counts. Taking the general tenor of the provisions of the Code on the subject of ’pleading, we do not mean to be understood as holding that the strictness, and even rigidity of the rules of the common law pleading on the question of duplicity were intended to be preserved, but that the rule is that separate and distinct causes of action, of a nature entirely distinct, to which the pleas proper for defense of such. actions may pre *751 sent separate, distinct, diverse issues, such as where the plea to the declaration of the general issue would present a case in which, on proof of the facts alleged, the finding of the jury must necessarily, in finding for the plaintiff, be based on facts and circumstances in their nature diverse, and the result in the way of ■damages be ascertained upon different principles and by different modes of computation and under different rules, then such a declaration must be held to be objectionable for duplicity. As in this case, to illustrate the idea we present, the damages for an assault and battery is governed by different rules, and based on •different elements from the damages which the rules of law fix for trespass in taking property, the Avalué ■of. the property taken, with interest, at discretion of the jury, being the general rule for measure of damages. The necessity of such a rule, as Ave have indicated, is found in several considerations. One is, that on a general verdict of the jury, finding a certain sum as damages in favor of the plaintiff as in (his case, the court will be unable to determine Avhether the damages given are such as the law gives or not. What has been found for the alleged aggravated personal wrong, and what for the value of the personal property, the value of which is alleged as to each article in the declaration, it is impossible for this or any other court to say; and the court, for this reason, would be entirely unable • to decide whether the finding of the jury as to amount of damages was sustained by the proof, or was so enormous as to shock the conscience, and be evidence of passion or preju *752 dice on part of the jury, in which last cases it would he the duty of the court below to grant a new trial, as well as the duty of this court to do the same thing. Even in case of personal injury, where a wide discretion is given to the jury in assessment of damages, as to the plea of statute of limitations, and that a different time as bar to the actions is applicable to the case of injury to the person and injuries to the property, the period of one year being applicable to the cause for injuries to the person, and three years to injuries to property. However incongruous this may appear to the common law pleader, there is perhaps less difficulty in this than the first matter we have suggested, but still it tends greatly to embarrass the investigation. However, a jury might well be instructed to apply a plea of one year to the personal wrong, and three years as the bar to the wrong to the property, and if the two statutes or periods were pleaded, then the application of the statutes might not be so difficult, though the rule in practice would be objectionable. We hold, therefore, that the Code recognizes such duplicity as is found in this declaration as an objection, and that its rules do not permit it; on the contrary, by fair construction, it is forbidden, and that each cause of action should have been alleged in separate and distinct counts, so that in the language of the Code, sec. 2896, “ where several distinct causes of action are alleged against the same party (that is in several counts), the court might direct separate trials of the issues on each, if deemed proper.”
But while all this, we think, is clear, yet the ques *753 tion is as to whether, under the provisions of the Code, the question can be presented by demurrer. See. 2934 provides “that demurrer for formal defects are abolished, and those only for substantial defects allowed. By sec. 2865 “all demurrers, motions in arrest of judgment, writs of error for matters of form,, are abolished in civil suits. Prom these provisions it is clear that demurrers for defects of form in the statement of a cause of action are abolished, so that if under the Code, duplicity, such as is presented in this declaration, is only a formal defect, then a demurrer is not the remedy. Sec. 2884 provides that any pleadings possessing certain requisites shall be sufficient, first, when it conveys a reasonable certainty of meaning. Second, when by a fair and natural construction of its language it shows a substantial cause of action or defense. If defective, however, in the first particular, the court, on motion, shall direct a more specific statement; if in the latter, that is showing no substantial cause of action, it is a ground for demurrer. See. 2882 provides, as we have quoted,, that if any pleading is bad for duplicity, etc., it may be stricken out at the cost of the party so pleading, on motion of the adverse party, or by the court of its motion. • Taking all these provisions together, and we conclude they mean that if a substantial cause of action is stated no demurrer will lie; if it is improperly stated, as in this ease, by putting two or more causes of action in the same count, then the remedy provided is a motion to strike out the pleading, and the costs in sustaining such motion taxed to *754 the party pleading. But if defendant fail to have such pleading struck out by motion, and goes to trial on it, or in this case demurs to it, he loses his advantage, and this court revers because the declaration does contain a substantial .cause of action, and the objection of duplicity is one to the form of the statement, and not to its substance. No writ of error, by the language of the Code, can be allowed for such defect. The case seems a hard one, but we are bound by the law as it is written, and the judgment must be affirmed.