## W. A. Hunter *v.* Litterer & Cabler.

1. Action *·Employer and Employee. How and to what extent anemployee may recover compensation or damages, when discharged for stealing.* If an employee be guilty of stealing money from his employer, and is unfaithful to his trust, his employer will be justified in discharging him from his service. In such case he could not recover at all upon the contract, but only on a count in *quantum meruit* for the value of such services as were rendered, and of which the employer received the benefit.

Cases cited: Jones *v.* Jones, 2 Swan, 605.

2. Same. *Pleading.* This action was brought upon the contract for salary. The Court hold, the plaintiff is entitled to recover only in *quantum meruit*, and on remanding the case, allow him to amend his declaration, by adding a count to this effect.

### FROM DAVIDSON.

Appeal from the Circuit Court. Eugene Cary, Judge.

Edward H. East and Tim Haley for Hunter.

M. M. Brien, jr., for Litterer and Cabler.

Freeman, J., delivered the opinion of the Court.

The declaration in this case is, the plaintiff sues the defendants for $1,155, which he says is due him as a balance on salary for work and labor done, from about the 22d of September, 1866, to July, 1868, which sum is due and· unpaid, etc.

The pleas are, in substance, non assumpsit, payment in two separate pleas, though in one called a set-off; and fourth, that the plaintiff had been clerk and salesman of defendants from the —— day of 1867 to the —— day of 1868, and by virtue of said position had received large sums of money for the sale of goods, and collections, amounting to $5,000, all of which he had failed to account for, as he was bound to do, but unlawfully appropriated the same to his own use, to defendants' damage, etc., which they plead as a set-off.

Plaintiff took issue on the first and second pleas, and to the third, alleging payment of $1,995 as money paid, that this sum had been allowed as a credit on his account for services, exhibiting the account in the plea as for salary, at $1,800 per annum, with this sum credited on it.

To the fourth plea, plaintiff replied that he did not receive any money from any source by reason of his situation, at any time, for which he did not faithfully account.

Upon these issues the parties went to trial, and a jury gave a verdict for plaintiff for the sum of $977, from which there is an appeal in error to this Court.

We think it clear this is not a suit on a *quantum meruit* to recover for work and labor done, what such work or services were really worth, but a suit on the contract set up in the rejoinder to defendants' plea of payment of $1,900, and attempted to be proven, of an agreement to pay a salary of $1,800 per annum.

W. A. Hunter *v.* Litterer & Cabler.

This being so, the question was, was there such a contract—and if so, had plaintiff performed the service according to the contract? The proof shows plaintiff was suspected of stealing money from his employers, and being unfaithful to his trust in his employment. If this was true, then the defendants would be justified in discharging him from their service, and he, having broken his contract, not having performed it, could not recover at all on the contract, but only on a count in *quantum meruit* for the value of such services as were rendered, and of which the defendants received the benefit. *Jones* v. *Jones,* 2 Swan, 605.

In this view of the case, the questions debated do not arise on the pleadings, and the case must be reversed for want of evidence to support the verdict. On remanding the case, the plaintiff can amend his declaration by adding a count upon a *quantum meruit,* and thus the question may be raised as to what is the measure of compensation to which he may be entitled, on the assumption that he was properly discharged, but had rendered valuable service to the defendants, for which they may be liable.

Reverse the case, and remand for a new trial.