HENDERSON *v.* BOYD & CASWELL.

(*Knoxville.* September 18th, 1886.)

1. PLEADING AND PRACTICE. *Declaration. Joinder of inconsistent counts. Demurrer.*

A declaration, containing a count in trespass for personal injuries, and a count upon a contract made in settlement of plaintiff's claim for damages for such injuries, is bad for repugnancy, on demurrer.

2. SAME. *Same. Same. Election.*

Such a declaration does not fall within the provisions of § 3442 (M. & V.) Code.

Code cited: § 3442 (M. & V.), § 2748 (T. & S.).

FROM KNOX.

Appeal in error from Circuit Court of Knox County. February Term, 1885. S. A. ROGERS, J.

INGERSOLL & COCKE, and HENDERSON & JOUROLMON, for Henderson.

WEBB & McCLUNG for Boyd & Caswell.

CALDWELL, J.    There are three counts in the declaration:

1. In trespass, for personal injuries received by the plaintiff while in the employment of the defendants in their furniture factory.

2. For breach of contract, made in compromise and settlement of plaintiff's claim to damages for such injuries.

3. For "money due by contract."

The first and second counts are demurred to for repugnancy, the third because no contract is stated.

The demurrer is well taken, and was properly sustained by the Circuit Judge.

The first two counts are totally inconsistent with each other, and do not come within the provisions of Code by Milliken & Vertrees, § 3442. No case for "election" is presented. If there has been a contract for adjustment of the damages in such form and terms as to permit an action for the breach, then the original cause of action is extinguished, and action will not lie for the tort. On the other hand, if there has been no such contract for adjustment, there can be no breach for which action will lie.

The two causes of action are inconsistent, and cannot stand together.

The third count fails to state or define any contract.

Plaintiff might have cured the defects by amendment, but he refused the leave of the Court to do so, and his suit was dismissed.

Affirmed.