BIBLE *v.* PALMER.

(*Knoxville.* October 8, 1895.)

1. ACTION. *Joinder of causes of.*

Counts may be joined in a declaration for malicious prosecution and slander. (*Post, p. 394, 395.*)

Code construed: § 3606 (M. & V.); § 2896 (T. & S.).

Cases cited and approved: Hall *v.* Hawkins, 5 Hum., 356; Horsely *v.* Branch, 1 Hum., 198; Shepherd *v.* Staten, 5 Heis., 80; Waggoner *v.* White, 11 Heis., 750; Railroad *v.* Guthrie, 10 Lea, 432; Henderson *v.* Boyd, 85 Tenn., 22.

2. PRACTICE. *Requiring election erroneous, when.*

. And it is erroneous in such case to require the plaintiff to elect between the two counts in his declaration, though separate trials thereof may be directed by the Court. (*Post, p. 395.*)

Code construed: § 3606 (M. & V.); § — (T. & S.).

Case cited and approved: Waggoner *v.* White, 11 Heis., 750.

---

FROM COCKE.

---

Appeal in error from Circuit Court of Cocke County. W. R. HICKS, Judge.

McSWEEN & MIMS and W. H. JONES for Bible.

WASHBURN, PICKLE & TURNER and H. N. CATE for Palmer.

CALDWELL, J. This is an action wherein R. A. Bible sues Joseph Palmer for $10,000 · damages. The plaintiff's declaration contained two counts, one for malicious prosecution and the other for slander. The defendant demurred for misjoinder, and said that the declaration embraced two distinct causes of action, which could not properly be joined in the same suit. The demurrer was sustained, with leave to the plaintiff to elect which of the two causes of action he would prosecute. Upon his refusal to make an election the suit was dismissed, and he appealed in error.

The Court below was in error. It is true, as said in the demurrer, that the plaintiff avers facts constituting two distinct causes of action; but it is not true, as further said in the demurrer, that those causes of action cannot properly be joined in the same suit.

It is allowable to join two or more distinct causes of action in as many different counts of the same declaration, when, as in this case, the different counts are of the same quality or character, and not repugnant or antagonistic to each other. · Stephens on Pl., *267; Caruther's History of Lawsuit, Sec. 112; Ib., Martin's Ed., pp. 112, 113; Code (M. & V.), § 3606; Horsely v. Branch, 1 Hum., 198; Hall v. Hawkins, 5 Hum., 356; Shepherd v. Staten, 5 Heis., 80; Waggoner v. White, 11 Heis., 750; Railroad v. Guthrie, 10 Lea, 432; 85 Tenn., 22.

The case of Hall v. Hawkins, cited above, like

Bible *v.* Palmer.

this one, was an action of damages, with two counts in the declaration, one for malicious prosecution and the other for slanderous words. That of *Shepherd* v. *Staten* was of similar character, being for assault and battery and false imprisonment, averred in two different counts. The plaintiff's right to prosecute the two causes of action in one suit was distinctly recognized, though not expressly decided, in each of those cases.

In cases "where several distinct causes of action against the same party are joined, the Court may direct separate trials of the issues" for the sake of convenience, or to prevent confusion. Code (M. & V.), § 3606; *Waggoner* v. *White*, 11 Heis., 750.

That course might have been pursued in this case, but the Court could not rightfully require the plaintiff to elect to prosecute one count and abandon the other one. He was entitled to prosecute both, if he desired to do so.

Reverse and remand.