### HEATH v. LEWIS et al.
### No. 2437.

Court of Civil Appeals of Texas. El Paso.
Sept. 25, 1930.

Rehearing Denied Oct. 23, 1930.

250

See, also, 12 S.W.(2d) 641.

Garland & Yonge, of Lamesa, for appellant.

Walsh & Smith, of Wichita Falls, for appellees.

PELPHREY, C. J.

This suit was instituted by Jay Lewis and Sid Brearly, as plaintiffs, against E. W. Heath, in trespass to try title, alleging that on or about October 1, 1925, they were lawfully seized and possessed of section No. 38 in block G, originally located and surveyed for public free school land by authority of certificate No. 2, issued to the West Texas Railroad Company, containing 641 acres of land, and were holding and claiming the same in fee simple.

Their prayer was for judgment against appellant for the title and possession of the land and for writ of possession.

Appellant answered by general demurrer, special exception as to the jurisdiction of the trial court, a plea that the sale to appellees was void, and a plea of not guilty.

Upon a trial before the court, judgment was rendered in favor of Lewis and Brearly, and Heath has appealed.

There was a certificate of facts from the land office introduced in evidence, and we will here quote those parts which we consider pertinent to the questions presented:

"That said Section 38, Block G, as containing 641 acres in Gaines County was awarded to E. W. Heath Jan. 19, 1917, on application filed in the Land Office Jan. 2, 1917, to purchase same at $7.54 per acre as a home tract, said section having been classed mineral and agricultural and appraised at $6.00 per acre;

"That E. W. Heath made the required proof of three years occupancy with improvements on said Section 38, dated Feb. 16, 1920, filed in the Land Office Feb. 19, 1920, and certificate of occupancy No. 12518 issued thereon Feb. 21, 1920;

"That said sale covering Section 38 was on Aug. 20, 1924, forfeited for non-payment of interest and the account covering said sale bears notation under said date 'Land Forfeited' and the file wrapper containing the papers relative thereto in this office bears notation as follows: 'Land forfeited August 20, 1924. J. T. Robison, Comr.'

"That said Section 38, Block G, 641 acres in Gaines County was awarded to Jay Lewis Oct. 4, 1924, on application filed in the Land Office Sept. 2, 1924, to purchase same at $6.11 per acre without settlement, said section having been classed Mineral and Grazing and appraised at $5.00 per acre;

"That Jay Lewis executed deed dated June 22, 1925, conveying the S. W. ¼ of said section 38 to Syd Brearley and said deed having been filed in the Land Office Sept. 1, 1925, said S. W. ¼ as containing 160 acres was placed in a separate account on the books of this office;

"That each of said accounts covering the E. ½ and N. W. ¼, 481 acres and the S. W. ¼, 160 acres of said section 38 was cancelled under date of Sept. 21, 1925, and each of the file wrappers containing the papers relative to same in this office bears notation as follows: 'Cancelled because sale is void. See decision of Supreme Court S. W. R. 268, page 133, Weaver v. Robison, land not having been advertised after forfeiture. J. H. Walker, Actg. Comr. 9/21/25.'

"That on Sept. 21, 1925, the sum of $706.85 was received in this office from E. W. Heath with request for reinstatement of said forfeited sale of Section 38, Block G;

"That said sale was reinstated on the books of this office by endorsement on the account and file wrapper as follows: 'Reinstated 9/21/25.'

"That said sale covering Section 38, Block G, was on Nov. 10, 1925, forfeited for non-

payment of interest and the account covering same endorsed 'Land forfeited under said date' and file wrapper containing the papers relative thereto in this office bears notation as follows: 'Land forfeited 11—10—25. J. H. Walker, Actg. Comr.'

"That upon request of E. W. Heath for revaluation of said section, received in the Land Office Nov. 25, 1925, and the sum of 1¢ per acre paid thereon, same was on June 15, 1926, reappraised by the Commissioner of the General Land Office at $3.00 per acre;

"That said Section 38, Block G was awarded to E. W. Heath Oct. 2, 1926, on application filed in the Land Office Sept. 8, 1926, to repurchase same at $3.00 per acre under the provisions of Chapter 94 of an act approved March 19, 1925, and said section as containing 641 acres now stands on the records of this office in the name of E. W. Heath with unpaid obligation of $1,874.92, bearing interest at 3% per annum and on which $64.37 interest was due up to Nov. 1, 1929;

"That certificate of refund showing amount of over payment on said sales of the E. ½ and N. W. ¼ and S. W. ¼ of said section 38 as made to Jay Lewis and conveyed to Syd Brearley and which were cancelled Sept. 21, 1925, was issued from this office April 19, 1926, and mailed to Jay Lewis and Syd Brearley, Wichita Falls, Texas."

### Opinion.

Article 5311b, Rev. St. 1925, reads: "In cases where public free school and asylum land has been advertised as being subject to forfeiture for non-payment of interest and to be forfeited and canceled and come on the market for sale at some future sale date and such land was declared forfeited and the sale canceled on the records of the General Land Office and sale awards issued upon applications filed at such sale date, and said sale award has been held by the Supreme Court to be void and all other sale awards which may be void or voidable or the titles to which may have become defective from any cause, are hereby validated, and when the said land shall be fully paid for together with payment of all fees it shall be patented; provided, in cases where the sale award of the land advertised as aforesaid has not stood one year the owner of said land at date of forfeiture shall have the right to apply to the General Land Office for a re-instatement of said former sale upon the payment of all past due interest at any time within six months after the taking effect of this act."

Appellant's first contention is that the "sale award" to Jay Lewis took place on October 4, 1924, rather than on September 2, 1924, the date of the filing of his application, that Heath, having filed his application for reinstatement on September 21, 1925, was within the time provided by the statute, and that

this court overlooked this fact in its former opinion, Lewis v. Heath, 12 S.W.(2d) 641.

As can be seen from a reading of the former opinion, this feature of the case was not overlooked, but was given full consideration. As there stated, the fourth section of chapter 163 of the Acts of the Thirty-Sixth Legislature 1919, Regular Session (article 5312, R. S. 1925), provides that "upon receipt and filing of the application, affidavit, obligation and the one-fortieth part of the price offered, the sale shall be held effective from that date."

We held that the sale to Lewis became effective on September 2, 1924, as provided for in the above statute, and that an application to reinstate, to be effective, would have to be filed within one year from that date.

We adhere to our former holding, and appellant's first assignment must be overruled.

Appellant further contends that the construction we have placed on this article renders it violative of sections 3 and 19 of article 1 of the Constitution of Texas and of section 1 of the Fourteenth Amendment to the Constitution of the United States. This question was presented to us in appellant's motion for a rehearing in the former hearing, and in overruling such motion we held against the contention so made.

As we view this statute, it merely provides that, where the sale has not stood for one year, the owner at the time of forfeiture shall have the right to have the sale to him reinstated at any time within six months from the taking effect of the act.

It is not questioned that the Legislature had the power to validate the sales as was done by this statute; therefore they should have an equal power to limit the right to reinstatement to such a class as they might see fit to prescribe.

It has been held that classification for the purpose of a law is a legislative function, and will be sustained by the courts unless it is wholly without any reasonable basis. Middleton v. Texas Power & Light Co., 108 Tex. 96, 185 S. W. 556.

The statute merely says to the owner whose land has been forfeited, if the sale of your forfeited land has not stood for one year, then you may at any time within six months have your sale reinstated by complying with certain conditions. As we view it, this is merely conferring upon a certain class a right which the Legislature certainly could do without violating any of the constitutional provisions referred to.

We have carefully examined the entire record, and have concluded that the judgment of the trial court should be affirmed, and it is so ordered.

HIGGINS, J., did not sit in this case.