HATTIE LOU NECESSARY

*v.*

MACK GIBSON and BETTY JO GIBSON

370 S. W. 2d 550.

(*Knoxville,* September Term, 1963.)

Opinion filed September 11, 1963.

PRESTON H. TAYLOR, S. G. GILBREATH, Kingsport, for plaintiff in error.

BEN C. DAVIS, EDWIN L. TREADWAY, PENN, HUNTER, SMITH, DAVIS & NORRIS, Kingsport, for defendants in error.

Mr. Chief Justice Burnett delivered the opinion of the Court.

Hattie Lou Necessary sued Mack Gibson and Betty Jo Gibson in a two count declaration. The first count sounds in tort for personal injuries incurred while in the employ of the defendants as a housekeeper. The second count sounds in contract and alleges that the defendants "contracted, promises, offered and agreed that [they] would pay all of plaintiff's hospital, doctor and medical bills, that [they] would pay plaintiff for her injuries and see that she was taken care of. Plaintiff accepted the offer of said defendant[s] * * *" To this declaration (which had originally contained only the tort count but was later amended to add the contract count) the defendants demurred on the ground that the counts are "inconsistent and repugnant to each other." The trial court sustained this demurrer and dismissed the action.

Thus from the above statement it appears that two issues are presented: (1) can a count sounding in tort be joined in the same declaration with a count sounding in contract; and (2) are the counts in this case violative of our rules forbidding repugnancy between counts?

At common law, it was well established that a count *ex contractu* and a count *ex delicto* could not be joined in the same declaration. 1 Am.Jur.2d, Actions, sec. 120. 1 C.J.S. Actions sec. 74 #d. Such a joinder ran afoul of the common law rule that only counts calling for the same plea and the same judgment could be joined. 1 Am.

Jur.2d, Actions, sec. 120. The plea-judgment rule was a weak one at best and did not enjoy universal application even at common law. Thus case and trespass could not be joined even though the plea of not guilty could be used for both and the same judgment for damages and costs could be rendered in both. Sunderland, Cases & Materials on Judicial Administration.

The common law prohibition against joinder of contract and tort was recognized at an early date in this State. In *Holland v. Pack,* 7 Tenn. 151 (1823), the plaintiff joined an action for the loss of a horse placed in the defendant's care with a count in *assumpsit* for the value of the horse. In noting this, the Court said at page 154;

> "There is a misjoinder of counts also in the declaration, and that defect may be taken advantage of by demurrer, in arrest of judgment, or by writ of error."

Some few years later in *Beasley v. Bradley,* 32 Tenn. 180 (1852), the Court, in a related question, said at page 183:

> "But the two classes of action arising ex delicto and ex contractu cannot be united and blended together, without producing such confusion as might result in injustice and injury to the one party or the other."

While it seems beyond doubt that the common law rule in Tennessee, as elsewhere, was to the effect that a count sounding in contract could not be joined with a count sounding in tort, it remains to be seen whether this is still the rule in Tennessee today. In this connection, two statutes, sec. 20-801 and sec. 20-809, T.C.A., must be examined. Both of these statutes were a part of the Code

of 1858 and thus were passed after the decisions in the Holland and Beasley cases, supra. Section 20-801, T.C.A., provides as follows:

"*Form and contents.*—The declaration shall state the plaintiff's cause of action. It may contain several statements or counts. But where several distinct causes of action against the same party are joined, the court may direct separate trials of the issues. Provided, whenever as a result of tortious conduct of another, injury shall result to any particular person, and from such injury there shall arise more than one cause of action against the wrongdoer, solely by virtue of the injury to such particular person, it shall be lawful to prosecute all such causes of action in one suit, averring the several causes of action in separate counts of the declaration."

As far as joinder of contract and tort are concerned, the important language in the quoted section would appear to be—"But where several distinct causes of action against the same party are joined * * *." We ask ourselves—does this language, by itself, provide for joinder of distinct causes of action, or does it merely have reference to instances where such joinder has been approved at common law or by another statute? The Court of Appeals in *Lackey v. Metropolitan Life Ins. Co.*, 26 Tenn.App. 564, 174 S.W.2d 575 (1943), noted that this section and certain other sections of the Code did not abolish our system of common law pleading and that their intent was merely to simplify pleading. Of course, it is argued that this language of the Court of Appeals supports the proposition that the statute of and by itself, does not change the common law rule forbidding joinder of contract and tort. When we read this Lackey case

though, it is obvious that this statement is only dicta as far as sec. 20-801, T.C.A., is concerned. In the Lackey case the court was not dealing with misjoinder. The question there was whether the plaintiff had alleged sufficient facts to make out a case of slander. In view of the facts presented in Lackey it was only significant with respect to the use of this Code Section with other statutes cited in the case—sec. 20-702, T.C.A., (Basic requisites of pleadings); sec. 20-704, T.C.A., (Material facts only); and sec. 20-808, T.C.A., (Slander and libel).

Higgins & Crownover in their work, Tennessee Procedure in Law Cases, sec. 370, take the position that the statute does not, of itself, change the common law rule. A contrary position, however, is taken by a very well written article in the Tennessee Law Review. 30 Tenn. Law Review, 599, at page 600. There, the author says in regard to the statute in question:

"This statute has been universally interpreted as changing the common law rule in this State. Now a plaintiff can join separate and distinct causes of action in a single lawsuit by using several counts of one declaration."

Both Higgins & Crownover and the Law Review author cite the case of *Waggoner v. White*, 58 Tenn. 741 (1872), in support of their conflicting propositions. In the Waggoner case, the Court noted the question raised in the appeal:

"The simple question then is as to whether an assault and battery on the person of plaintiff, and an action for taking and carrying away personal property of the plaintiff, can be joined *in the same count of a dec-*

534

*laration,* and sustained over a demurrer interposed for this cause.'' (Emphasis ours.)

Thus it will be seen that Waggoner was not dealing with the problem involved in the case now before us; but rather was concerned with the question of duplicity—joinder of distinct causes of action in the same count. However, two statements regarding sec. 20-801, T.C.A., made by the Court in the Waggoner case, when read together, seem to support the position taken by the author of the Law Review article above referred to:

"The rule contained in sec. 2896 (now sec. 20-801, T.C.A.) goes clearly on the idea that a party may have several statements or counts in his declaration of distinct causes of action, but when thus joined as separate counts the court may order separate trials of the issue made on the distinct causes of action in such separate counts * * * We hold, therefore, that the Code recognizes such duplicity as is found in this declaration as an objection, and that its rules do not permit it; on the contrary, by fair construction, it is forbidden, and that each cause of action should have been alleged in separate and distinct counts, so that in the language of the Code, sec. 2896, 'where several distinct causes of action are alleged against the same party (that is in several counts), the court might direct separate trials of the issue on each, if deemed proper.' ''

At common law, several distinct causes of action, each arising *ex delicto,* could be joined in the same declaration. 1 Am.Jur. 2d, Actions, sec. 118. The same is true of distinct causes of action arising *ex contractu.* 1 Am.Jur.2d, Actions, sec. 119. The former practice was approved in *Bible v. Palmer,* 95 Tenn. 393, 32 S.W.2d 249 (1895),

where the Court sanctioned the joining of an action for malicious prosecution and an action for slander in the same declaration. Thus, in these two instances, the common law sanctioned the presentation, in one declaration, of distinct causes with distinct questions of law and fact. If the joinder in such cases is permissible, there would appear to be no good reason for denying joinder where one count sounds in tort and one count sounds in contract. If really diverse issues are presented in any given case, the Court can, under the authority of sec. 20-801, T.C.A., "direct separate trials of the issues."

■ It seems to us that a careful study of sec. 20-801, T.C.A., shows that the section provides for joinder of a contract count and a tort ·count in the same declaration. Such a practice, it seems to us, is dictated by reason and supported by the authority of *Waggoner v. White,* supra. If the contract-tort declaration presents diverse issues, then the court can direct separate trials under the express authority of sec. 20-801, T.C.A. The rule forbidding such a joinder at common law was not strictly adhered to and the reasons for the same seem to us no longer relevant.

In addition to what has been said above we must look to sec. 20-809, T.C.A., and from this section it would appear that this is an additional statutory authority for the joinder of contract and tort, at least under the situation presented in the case now before us. The statute provides as follows:

*"Joinder of contract and tort.*—Whenever the facts of the case entitle the plaintiff to sue for breach of contract, or, at his election, for the wrong and injury, he may join statements of his cause of action in ·both forms, or either."

■ "Causes of action" as that phrase is used in the statute would seem to be referring to "that which produces or effects the result complained of." *Noonan v. Pardee,* 200 Pa. 474, 50 A. 255, 55 L.R.A. 410 (1901). This definition is in contrast with the broader definition given to the phrase by our decisions when dealing with the phrase in other context ("all the facts which together constitute the plaintiffs' right to maintain the action." *Mattix v. Swepston,* 127 Tenn. 693, 155 S.W. 928 [1913], cited with approval in *Oman v. Delius,* 162 Tenn. 192, 35 S.W.2d 570 [1931].) This would appear to be the only logical construction of the phrase "cause of action" (singular) as that phrase is used in this statute. This follows from the fact that the first part of the statute has reference to situations where the plaintiff has more than one cause of action (in the broader sense). The statute was clearly designed to permit the joining of two causes of action (broader sense)—one in contract and one in tort. Thus it would be anomalous to interpret the latter part of the statute as only permitting the bringing of one cause of action (in the broader sense).

An illustration may serve to clarify this point. In a malpractice action, the same identical conduct ("that which produces or effects the result complained of") may, in certain cases, breach a duty created by law (tort) while at the same time, it may breach a duty created by contract. Now in the broader sense, the plaintiff has two causes of action. But the same identical conduct on the part of the defendant gave rise to each. Section 20-809, T.C.A., would seem to be designed to permit the joining of the contract action and the tort action in this situation. The situation described is analogous to a typical automobile case. Frequently, such accidents result

in the filing of multiple count declarations, each count sounding in tort. Identical conduct is alleged to have breached a common law duty (tort) and, at the same time, a statutory duty (tort).

Judge Faw, who was the Presiding Judge of the Court of Appeals, in *Tallent v. Fox,* 24 Tenn.App. 96, 141 S.W. 2d 485 (1940), had occasion to interpret the impact of sec. 20-809, T.C.A., on the common law rule regarding joinder of contract and tort. There, the warrant originally issued by the Justice of the Peace, stated that the plaintiff's cause of action was "a plea due by damages by reason of delivering 65 hogs on March 13, 1936, diseased with cholera on plaintiff's farm representing said hogs to be sound". The warrant was subsequently amended to add a count for breach of contract and a count for fraud and deceit. In holding that the amendment was proper, the court at page 103 of 24 Tenn.App., at page 490 of 141 S.W.2d said:

"Whatever may have been the rule at common law, it was permissible, by virtue of the above quoted statute, for the plaintiff to join, in separate counts of the same declaration (or warrant), actions upon the facts of the case for (1) breach of warranty, (2) breach of contract, and (3) fraud and deceit. The several counts are not repugnant or antagonistic to each other."

 It is noted that each count in this Tallent case arose out of the same transaction. Thus this case is open to the interpretation that sec. 20-809, T.C.A., only provides for joinder of contract and tort when each of the counts arises out of the same transaction and conduct. If this strict interpretation is based upon sec. 20-809, T.C.A., then the case now before us would not

appear to fall within its provisions. In the case now before us, the conduct alleged in the tort count is not identical to that alleged in the contract count. The conduct alleged in the tort count is the failure of the defendants to keep their floor in a safe condition and the failure of the defendants to furnish the plaintiff with safe appliances. The conduct complained of in the second count (contract) is the failure of the defendants to pay for the plaintiff's hospital, doctor and medical bills and injuries as promised. While the conduct is not identical, it seems sufficiently related to fall within the purview of sec. 20-809, T.C.A. This section would seem broad enough to cover conduct intimately related as well as identical conduct. This interpretation is in keeping with 1 C.J.S. Actions, sec. 74 f:

"Statutes enacted in some jurisdictions, ordinarily classified as common-law states, authorizing the joinder of certain forms of action which could not be joined in common law, provided the different counts are for the same cause of action, should be liberally construed, being of a remedial nature."

There is also some sanction of joinder of contract and tort in *DeBord v. Brown*, 188 Tenn. 160, 217 S.W.2d 772 (1948), where in, by way of dicta, this Court said:

"It is the contention of DeBord that it was error to join a count in contract and one in tort in the same case. We do not think this was error."

In this DeBord case, the plaintiff had elected to proceed on the contract count, so the case is not a square holding that contract and tort can be joined. But the language is significant inasmuch as it was used by this Court in a case almost identical to the case now before us.

In support of the quoted proposition the Court in the DeBord case cited, without discussion, the case of *Palmer v. Dehn,* 29 Tenn.App. 597, 198 S.W.2d 827 (1946). The Palmer case was also almost identical to the case now before us. The Court of Appeals tacitly approved (the question was not raised nor was it discussed) a declaration that contained a count in tort and a count in contract. DeBord, Palmer and the case we are now considering each present situations where the contract count is predicated on an express promise and not on the defendant's tort as such. But note that in each case, the promise is intimately related to the negligent conduct which forms the basis of the tort action.

As construed, sec. 20-809, T.C.A., would not authorize the joining of a contract count and a tort count where the transaction or conduct which gives rise to the one count is completely separate and distinct from the transaction or conduct which gives rise to the other. A contrary interpretation is to be found in Higgins & Crownover, Tennessee Procedure in Law Cases at sec. 370 but the authors cite no authority for this broader interpretation of the statute.

In summary we might say that sec. 20-809, T.C.A., would seem to permit the joinder of a contract count and a tort count whenever they arise out of the same transaction or conduct or whenever the conduct or transaction supporting the one is intimately related to the conduct or transaction supporting the other. This interpretation of sec. 20-809, T.C.A., does not appear to be inconsistent with our earlier interpretation of sec. 20-801, T.C.A. An illustration may serve to point this out. Section 20-809, T.C.A., permits the joinder of a con-

tract count and a tort count when, as here, the conduct giving rise to each count is identical or intimately related. Thus the joinder in the case before us is sanctioned under this section of the Code. But let us suppose for the time being, that the plaintiff here had also wished to join, with these two counts a tort count wherein she alleged that she had a cause of action against the defendants because of some distinct tortious conduct, i. e., negligent operation of an automobile. Now this would not be authorized under our interpretation of sec. 20-809, T.C.A., because the conduct which gave rise to the hypothetical tort count would be completely separate and distinct from the conduct which gave rise to the other two counts. But under the authority of sec. 20-801, T.C.A., she could join this separate and distinct cause of action with the two counts now before us. Then, under the authority of sec. 20-801, T.C.A., the trial judge could "direct separate trials of the issues."

Thus it can be seen that the statutes are not inconsistent. Section 20-801, T.C.A., has reference to causes of action growing out of distinct and separate conduct; and Section 20-809, T.C.A., is dealing with situations where the conduct supporting the tort count and the conduct supporting the contract count are not distinct and separate but are rather identical or intimately related.

■ ■ It is well established in this State that repugnant counts cannot be joined in the same declaration. *Henderson v. Boyd & Caswell,* 85 Tenn. 21, 1 S.W. 498 (1886); Carruthers History of a Lawsuit, sec. 111; *Bible v. Palmer,* 95 Tenn. 393, 32 S.W. 249 (1895), and others. Thus while sec. 20-801 and sec. 20-809, T.C.A., may permit the joinder of a contract count and a tort count, the

courts must still satisfy the test of repugnancy. As used here "repugnancy" means the affirmation of a cause of action in one count and the denial of that cause of action in another count. We think under the allegations in the present case that the joinder of the contract count and tort count is permissible, as far as joinder is concerned. It remains to be determined whether such joinder runs afoul of repugnancy as condemned by our decisions.

In *Henderson v. Boyd & Caswell,* supra, there was a three count declaration. The two counts, relevant here, provided as follows (as those counts were summarized by the Court):

"1. In trespass, for personal injuries received by the plaintiff while in the employment of the defendants in their furniture factory.

"2. For breach of contract, made in compromise and settlement of plaintiff's claim to damages for such injuries."

The opinion in this case does not indicate whether the contract between the parties, as alleged in the declaration, was expressly made in compromise and settlement; or whether the court interpreted the count as referring to such a contract. However, the first view would appear to be the more tenable of the two. It is in this particular that the case now before us can be distinguished from this Henderson case. In the case before us the declaration does not allege that the defendant's promise was made in a compromise settlement of the claim referred to in the first count. It merely alleges a promise which was accepted by the plaintiff. The contract count does not negative the plaintiff's claim in tort.

In *Palmer v. Dehn,* supra, the Court of Appeals held,

in a situation almost identical to the case we are now considering, that the jury could infer from the contract count that there was consideration for the promise by way of forbearance to sue for a reasonable time. This question is posed: is there a valid difference between (1) a contract made in compromise and settlement of the plaintiff's claim for damages, and (2) a contract to forbear to sue for a reasonable time? We think that in the first case, the contract count is inconsistent with the count in tort, because on its face the second count shows that the tort action has been extinguished by the contract. This is in line with the reasoning employed in *Henderson v. Boyd & Caswell,* supra. In the second case, however, there is no extinguishment of the tort claim. The claim exists but merely cannot be sued upon until the lapse of a reasonable time. Once a reasonable time has elapsed, the plaintiff can sue on the tort claim which was never extinguished and such a suit can be brought by the plaintiff without breaching his contract because he has done what he promised to do—forbear to sue for a reasonable time.

Thus it is, under the allegations of the declaration— the two counts in this case—we think that the demurrer should have been overruled. In view of what has been said herein in reference to the practice in this State on related propositions and the fact that the question had never been definitely settled we are going to divide the costs on appeal. In other words all costs of the appeal will be divided equally between the plaintiff in error and the defendants in error. The costs below will await the outcome there. The case is reversed and remanded for a new trial consistent with what is said herein.