Dr. H. G. Lanford and Dr. Glen P. Schoettle,
individually and d/b/a Lanford and Schoettle,
a Partnership, Petitioners,

*v.*

Carolyn E. York and Husband William C. York,
Respondents.

457 S.W.2d 525.

(*Jackson*, April Term, 1970.)

Opinion filed August 3, 1970.

504

Neely, Green & Fargarson, Memphis, for petitioners.

Howard R. Paul, Ratcliff, Paul, White & Van Eaton, Memphis, of counsel, for respondents.

PER CURIAM.

Mr. and Mrs. York sued Drs. Lanford and Schoettle alleging in a one count declaration that Dr. Lanford negligently performed an operation on Mrs. York's neck, and in a second and additional operation which was not authorized, removed a portion of neck muscle for microscopic study. By a second count Mr. York sought recovery of the damages usually accruing to a husband where his wife has been injured. On the trial of the case the Yorks were required to elect between the charge of malpractice and the charge of assault and battery, and they elected to proceed on the charge of malpractice. The jury returned a not guilty verdict on the malpractice charge, with which the trial judge agreed, and from a judgment dismissing their suit the Yorks appealed to the Court of Appeals. In a well-reasoned opinion with which we agree in the main, that Court held on authority of *Lackey v. Metropolitan Life Insurance Company*, 26 Tenn.App. 564, 174 S.W.2d 575, T.C.A. sec. 20-705, that although a one-count declaration which states more than one cause of action is bad for duplicity, this is a formal

defect which is waived by failure to move to strike. The Court also held that on the peculiar facts of this case there was no repugnancy between the two causes of action, so that the trial court erred in requiring an election between the two causes of action. The Appeals Court then remanded the case to the Circuit Court for trial on both the malpractice action and the assault and battery action. We granted certiorari, and we affirm in part and reverse in part.

We quote the part of the Court of Appeals opinion with which we agree as follows:

■ "A one count declaration which states more than one cause of action is bad for duplicity. But this is a formal, and not a substantial defect, which is waived by failure to move to strike. *Lackey v. Metropolitan Life Ins. Co.* (1943) 26 Tenn.App. 564, 174 S.W.2d 575, T.C.A. 20-705.

"In the case at bar the defendant did not move to strike the declaration on the ground of duplicity. The question then arises as to what condition this left plaintiff's allegations in that duplicity was waived.

"In the *Lackey case*, supra, the plaintiff alleged numerous slanderous statements in a one count declaration. The Court held that the objection of duplicity had been waived by the failure of defendant to move to strike. The Court then concluded as to the resulting posture of the pleadings as follows:—

'So the question is whether this one count stated the many distinct causes on which plaintiff sought to recover; whether, tested by the requirements of the law of pleading in actions for defamation, this count was

sufficient in averments of the numerous slanders to state a cause for each of them.'

"In the *Lackey case* the Court found that by applying the requirements of the law of pleading in an action for defamation the one count declaration alleged only one cause of action for one slanderous statement. The Court then concluded that the other alleged slanderous statements could not be the basis of recovery, and that evidence of them was permissible only to aid in proof of the one cause of action properly alleged.

"Applying the law and reasoning of the Court in the *Lackey case,* which reasoning we affirm on the point under consideration, we conclude that when the defendant failed to move to strike for duplicity, the question of the sufficiency of plaintiffs' declaration which alleged two distinct causes of action as herein set out, would depend upon whether the averments of each cause of action was sufficient and permissible when tested under the requirements of the law of pleading in an action for malpractice. In other words if the averments of the two causes of action would have been good had they been in two separate counts will determine if they are good in the one count which is unchallenged for duplicity."

The Court of Appeals then quoted from the Special Pleas filed by defendants and plaintiffs' Replication and continued with its opinion as follows:

"* * * It is therefore noted that the defendants, after waiving the defense of duplicity, did traverse both alleged causes of action as stated by the plaintiffs and the two issues stood ready for trial if, as heretofore noted, under the requirements of the law of pleading in a mal-

practice suit the two causes of action are permissible had they been properly pleaded by two separate counts.

"On this issue the applicable statutory provision is stated in T.C.A. sec. 20-801 as follows:—

'20-801. Form and contents.—The declaration shall state the plaintiff's cause of action. It may contain several statements or counts. But where several distinct causes of action against the same party are joined, the court may direct separate trials of the issues. Provided, whenever as a result of tortious conduct of another, injury shall result to any particular person, and from such injury there shall arise more than one cause of action against the wrongdoer, solely by virtue of the injury to such particular person, it shall be lawful to prosecute all such causes of action in one suit averring the several causes of action in separate counts of the declaration.'

"In *Bible v. Palmer* (1895) 96 Tenn. 393, 32 S.W. 249 the plaintiff's declaration contained two counts, one for malicious prosecution and the other for slander. The defendant demurred for misjoinder in that the declaration contained two distinct causes of action. The trial court sustained the demurrer with leave to the plaintiff to elect which of the two causes of action he would pursue. Upon plaintiff's refusal to so elect the case was dismissed. The Supreme Court held this to be error. The fact that the declaration contained two causes of action was recognized, but the Court stated:

'It is allowable to join two or more distinct causes of action in as many different counts of the same declaration, when, as in this case, the different counts are of

the same quality or character, and not repugnant or antagonistic to each other.'

* * * * * *

'In cases where several distinct causes of action against the same party are joined, the Court may direct separate trials of the issues.' Citing, Code M & V Sec. 3606 and *Waggoner v. White* (1872), 58 Tenn. 741, [11 Heisk 741].

'That course might have been pursued in this case, but the Court could not rightfully require the plaintiff to elect to prosecute one count and abandon the other one. He was entitled to prosecute both, if he desired to do so.'

■ "Repugnant counts cannot be joined in one declaration, and this is true even when applying the rule allowing multiple counts as contemplated by T.C.A. 20-801. *Necessary v. Gibson* (1963) 212 Tenn. 528, 370 S.W. 2d 550.

■ " 'Repugnancy' within the rule that repugnant counts cannot be joined in the same declaration means the affirmation of *a* cause of action in one count and the denial of *that* cause of action in another count. *Necessary v. Gibson,* supra. (Emphasis added).

"With the foregoing statute and case law established we must determine whether in a malpractice suit the requirements of the law of pleading will permit a cause of action based on negligence in the removal of the lymph nodes from plaintiff's neck in one count, and a distinct charge of action based on trespass upon the person of plaintiff in another count, which said latter count is based upon the act of the surgeon in removing a portion of the

neck muscle which procedure was allegedly unauthorized, unnecessary and forbidden.

"In *Butler v. Molinski* (1955) 198 Tenn. 124, 277 S.W. 2d 448, the patient sustained a severe fracture of the wrist. The plaintiff alleged that the defendant, doctor, was negligent in the setting of her wrist, and that the defendant by setting the wrist committed an assault and battery upon the plaintiff because he did so against plaintiff's express instructions that an orthopedic surgeon perform the operation. The Court found as a fact that Dr. Molinski was not guilty of negligence. The court further found there was no evidence that the disability, deformity of the wrist and impairment of its use, resulted from the alleged assault and battery, but rather was the consequence of the original injury. The Court then stated as follows :—

"The courts have properly made a distinction between actions for damages for negligent malpractice and unauthorized performance of an operation. Thus in *Cady v. Fraser,* 1950, 122 Colo. 252, 222 P.2d 422, 424, it is said:

"Negligence in treatment, as alleged in the complaint, and treatment without employment present basically different claims. *Hershey v. Peake,* 115 Kan. 562, 223 P. 1113, and *Rolater v. Strain,* 39 Okl. 572, 137 P. 96, 50 L.R.A.,N.S., 880. The one is based on the existence of a contract and authority for service, and the other upon the lack of such contract or authority. The one is based on lack of care or skill in the performance of services contracted for, and the other on wrongful trespass on the person

regardless of the skill or care employed. The assertion of one is a denial of the other.''

'The facts stated in the foregoing opinion are very similar to that in the case now under consideration. It is a well considered opinion and the principle announced is both logical and just to the parties in interest.'

''We hold that the facts as related from the *Butler case* distinguish it from the facts in the case at bar. There the court found no injury to the plaintiff as result of any act by the defendant, doctor. There the complaint was based upon one alleged tort, the setting of the wrist; here two distinct torts are alleged. * * *

\* \* \* \* \* \*

''In the *Butler case* the two causes of action under the facts were repugnant. Here the two causes of action are not repugnant. The affirmation of negligence in the removal of the lymph nodes and the resulting injury, is in no way a denial of the trespass upon the person of plaintiff by the alleged unauthorized, unnecessary and forbidden act of removing a portion of the neck muscle and the resulting injury. In this situation, under a two count declaration as we are now considering the case, there would be no affirmation of *a* cause of action in one count and a denial of *that* cause of action in another count, hence no repugnancy.

\* \* \* \* \* \*

''We therefore conclude that under the facts of this case, the requirements of the law of pleading in malpractice suits permits the allegation of the two separate and distinct causes of action in separate counts in the same declaration.

"In this situation, had the two causes of action been alleged in separate counts, the trial judge would have had the right under T.C.A. 20-801 to pass upon the propriety of a separate trial on the two counts. The trial judge would further have had the right to pass upon the propriety of a directed verdict as to one or both of said counts based upon the evidence introduced. However, the trial judge was without authority to force the plaintiffs to elect which of the two distinct causes of action they would prosecute, because the plaintiffs were entitled to prosecute both. *Bible v. Palmer,* supra."

The Appeals Court held that on the remand, on authority of *Stovall v. Bowers,* 29 Tenn. 560, 10 Humph. 560 (1850); *Hunter v. Litterer & Cabler,* 60 Tenn. 168, 1 Baxt. 168 (1873), and T.C.A. sec. 27-329, plaintiffs' suit should be recast in the form of a two count declaration alleging their two causes of action, with the right in defendants to amend their pleas or plead additionally.

■ The action of the Court of Appeals with which we disagree is its remand of the malpractice cause of action. This cause of action was fully and fairly tried out in the circuit court, resulting in a judgment in favor of defendants. We find no error in the record which would warrant reversing this judgment, and we think the Court of Appeals erred in remanding this cause of action for retrial.

The Court of Appeals justified its ruling in this regard on the ground that the issues "were never properly formed in the trial court. Any attempt to half-way correct these errors could only result in a more prolonged pleading controversy, because under the record no one can say just what was before the jury, nor what that

body decided when the case is considered in the light of two distinct causes of action."

While it is true no issue on the assault and battery action was finally formed by charge of the Court and submission to the jury, we find that the issue on the malpractice action was properly formed in the trial court, that the jury was fully and correctly instructed in regard thereto, and that it would be both illegal and unjust to subject defendants to a retrial of this issue. The authority an appellate court has to remand for the recasting of pleadings and issues as required by justice, as shown by the Court of Appeals opinion, together with the implications of T.C.A. sec. 20-801 sustain this action.

We have considered Mr. and Mrs. York's other assignments of error on the malpractice action, and find them to be without merit.

The case is remanded for a new trial on the single issue of assault and battery. The costs are adjudged here as they were adjudged in the Court of Appeals, one-half to each side.