## THURMOND v. WHITTAKER.

Western Section.   July 11, 1925.

No petition for Certiorari was filed.

1. **Appeal and error. Assignment of error must be specific.**
Under the rules of the Court of Appeals, and of the Supreme Court, general assignments of error, which do not state wherein the trial court erred, are insufficient.

2. **Appeal and error. Assignment of error should state authorities and pages of record.**
Under the rules of the Supreme Court and the Court of Appeals, assignments of error should contain, or be followed by, the authorities relied on, and the pages of the record should be cited to render easily discoverable the facts relied on.

3. **Compromise and settlement. Evidence held sufficient to sustain verdict finding parties had made compromise settlement.**
In a suit by purchaser against his vendor and another, evidence, held to warrant a finding that defendants entered into a compromise agreement to reimburse complainant for loss suffered by the latter, in suit wherein third persons recovered a one-twelfth interest in the property purchased by complainant.

**4. Compromise and settlement. Actual liability is not essential to validity of an agreement to compromise.**

Compromise of a claim which is asserted in good faith, and under color of right, is conclusive and binding when the claim is doubtful and the compromise is in settlement of a dispute, even though it may ultimately be found that the claimant could not have prevailed.

**5. Compromise and settlement. Adequacy of consideration is not a matter which court will review.**

The avoidance of litigation is a sufficient consideration to support a settlement fairly made with full knowledge of the facts, and the court will not inquire into the adequacy or inadequacy of consideration.

**6. Judgment. In a breach of warranty suit one defendant cannot reduce his liability by amount of prior judgment against another defendant.**

In a suit by the purchaser of realty for reimbursement of loss suffered through defect of title to one-twelfth of acreage against his immediate vendor and against that defendant's vendor, held one defendant is not entitled to reduce his liability by amount of judgment against another defendant unless the judgment has been paid.

Error to Chancery Court, Lauderdale County; Hon. V. H. Holmes, Chancellor.

Affirmed and remanded.

Rye & Broom, of Memphis, for appellants.

Steele & Steele, of Ripley, for appellee.

CLARK, J.    The bill in this case was filed by F. J. Thurmond against C. S. Whittaker and T. L. Garrett. The effort of complainant was to recover of the defendants on an alleged compromise settlement of certain claims that had existed between them, or, in the alternative, to recover of the defendant Garrett for the value of a one-twelfth interest in a tract of land of 39½ acres, which tract of land had been purchased by complainant from said defendant, and by said defendant deeded to complainant, the deed containing covenants of seizin and against incumbrances and also warranties of title, and also to recover for rents on said one-twelfth interest and for permanent improvements made; the complainant charging that a one-twelfth interest in said land had been recovered from him in an ejectment suit brought against him by certain persons after the deed was made and delivered to him by the said Garrett.

Defendant Garrett did not answer the bill within the time required by law, and a decree was taken by default against him.

Thereafter, by consent, the decree against Garrett was set aside, and he was permitted to make defense and take proof, but upon condition that he give a good and solvent bond conditioned to pay any judgment or decree that might be rendered against him on the final hearing of said cause.

Garrett filed the bond as required, with D. J. Garrett and Q. W. Fowler as his sureties.

The defendant Whittaker had answered the bill admitting practically all of the charges therein contained. A decree was taken against him at the same time the judgment by default was taken against Garrett, and the decree against Whittaker was not set aside.

Additional proof was 'taken on the issues made by the bill and Garrett's answer thereto, the case was tried by the chancellor, and he was of opinion and decreed that complainant was entitled to recover of Garrett and the sureties on his said bond the sum of $184.90, together with interest thereon, making a total of $195,38, and a decree was entered accordingly.

From said decree, Garrett and the sureties on his said bond prayed and were granted an appeal to this court. Not having complied with the orders of the trial court with reference to filing a proper appeal bond, the appeal was, upon motion of complainant, dismissed, or rather the case was stricken from the docket. Thereupon the said Garrett and his said sureties filed the record for error, and they presented three assignments of error. They are as follows:

"(1) The court erred in granting a decree against the defendant Garrett in the sum of $184.90, contrary to the weight of the evidence.

"(2) The court erred in granting a decree against the defendant Garrett in the sum of $184.90, contrary to the law applicable to the case.

"(3) The court erred in taxing defendant Garrett with the entire costs of the cause."

If the question had been made as to the sufficiency of these assignments, it would have been a rather serious one. The rules of this court and of the Supreme Court provide that assignments of error shall state wherein it is alleged the trial court erred. In other words, assignments should state why it is insisted that the matter complained of is erroneous, and the rules also require that the authorities relied on to support each assignment be stated in or under the assignments, and that the pages of the record be cited, so that the court may more easily discover the facts which the appellant insists supports the assignments. See rules of this court in pamphlet form, adopted May 19, 1925, section 11, and 148 Tenn. 712-714. However, since the appellee has not made the question, we will, in the instant case consider the assignments.

The decree of the chancellor does not disclose whether he based the relief granted on the prayer for an enforcement of the alleged compromise or on the alternative prayer for relief on the covenants against incumbrances and on the warranties of title.

The solicitors for appellants seem to be of the opinion that the chancellor by his decree intended to enforce the compromise settle-

ment, and they most earnestly insist that the alleged compromise settlement was not proven, or, if the agreement as alleged was proven, there was no consideration for same, and it was not binding on Garrett.

After a very careful reading of the record, we are of the opinion that the material facts as established by a preponderance of the testimony are these: On July 20, 1903, the defendant Whittaker sold and . conveyed by regular warranty deed to the defendant T. L. Garrett, (hereafter when we refer to Garrett, unless otherwise made to appear, the reference is to T. L. Garrett) a tract of land in Lauderdale county containing 39½ acres. The deed was delivered by Whittaker, and, as stated, contained covenants of seizin and warranties of title. The consideration for said conveyance was $1,-500, which amount Garrett paid to Whittaker.

On August 11, 1906, the defendant Garrett sold and conveyed said tract of land to complainant, Thurmond. The deed from Garrett to Thurmond was delivered and was in regular form, and contained covenants of seizin and warranties of title. The consideration for said conveyance was $2,250, and this amount was paid by Thurmond to Garrett.

In November, 1919, W. F. Hafford, Mattie Jackson, and Mary Cherry filed a bill in ejectment in the chancery court of Lauderdale county against the complainant herein, F. J. Thurmond, and defendant C. S. Whittaker and others. They charged that they each owned an undivided one twenty-fourth interest in said 39½-acre tract of land, that they derived title through their grandmother, Mrs. Mitchell, whom, it was charged, owned a tract of 197½ acres in said county of which the 39½-acre tract was a part, and that their mother, Nannie E. Hafford, inherited an undivided one-sixth interest of said land from her mother, and that she (their mother) owned same at the time of her death; that their father, C. Hafford, took a curtesy interest in said undivided one-sixth interest at the time of the death of their mother, and that said C. Hafford died in September, 1919, and that upon his death complainants were entitled to the interest in said land which they charged· they owned. They prayed also for rents on the interest claimed in said land which had accrued after the death of their father. C. Hafford deeded the land to Whittaker.

The complainant herein, being defendant in that case, filed his answer to the bill and averred that he owned said tract of land and had derived title to same from T. L. Garrett, that same was conveyed to Garrett by Whittaker and wife, and to Whittaker by C. Hafford, father of complainants. He also pleaded estoppel, statute of limitations, and made general denial of all the charges in the bill.

The defendant Whittaker did not answer the bill, but suffered pro confesso to go against him.

Proof was taken in said cause, the style of same being W. F. Hafford et al. v. F. J. Thurmond et al., and the same was tried by the chancellor at the November term, 1922, of the chancery court of Lauderdale county, and he was of opinion and decreed that the complainants W. F. Hafford and Mary Cherry were not entitled to recover any interest in said tract of land, and were not entitled to any of the relief sought, but that complainant, Mattie Jackson, was entitled to recover from said F. J. Thurmond an undivided one twenty-fourth interest in said 39½ acres of land, and a decree was entered accordingly.

The said Thurmond perfected an appeal to the Supreme Court from that portion of the decree holding that Mattie Jackson was the owner of a one twenty-fourth interest in the land, and W. F. Hafford and Mary Cherry perfected an appeal to the Supreme Court from that portion of the decree that denied them any of the relief sought.

The cause was heard by the Supreme Court at its April term, 1923. The decree of the chancellor as to Mattie Jackson was affirmed. As to the other two parties, it was modified so as to hold that Mary Cherry was also entitled to recover a one twenty-fourth interest in said tract of land. The Supreme Court was also of opinion that W. F. Hafford was not entitled to any relief.

Therefore the result of the ejectment suit was that Mary Cherry and Mattie Jackson jointly recovered from F. J. Thurmond a one-twelfth interest in the 39½-acre tract of land which he had purchased from Garrett. He was also held liable to said two complainants for the rents for the years he had occupied said interest in said land since the death of their father.

As stated, C. S. Whittaker was a party to the suit of W. F. Hafford et al. v. F. J. Thurmond et al.

We have heretofore stated the facts with reference to the filing of the bill in this case by F. J. Thurmond against T. L. Garrett and C. S. Whittaker, the purpose of the bill, and the result of the suit.

Did defendant Garrett agree with complainant that he would pay him $184 in settlement of his liability to complainant by reason of the facts hereinabove stated?

After the final decree in the case of W. F. Hafford et al. v. F. J. Thurmond et al., Mr. Thurmond, Mr. Garrett, and Mr. Whittaker met in the office of Steele & Steele, attorneys at law at Ripley, Tenn., for the purpose, if they could, of settling the differences between them. It will be remembered that the result of the Hafford v. Thurmond Case showed that Garrett had breached his covenants in the deed made by him to Thurmond, and from that it followed

that Whittaker had breached his covenants in the deed made by him to Garrett. In the presence of the three parties, figures were made with reference to the value of the one-twelfth interest in said tract of land, the rents that had been recovered from Thurmond, the permanent improvements placed by him on the land, costs, and expenses of the suit, and interest; and it was agreed that Thurmond was due the sum of $404.90. Of this amount it was agreed that Whittaker would pay to Thurmond $220, and that Garrett would pay the balance, $184.90. Whittaker executed and delivered to Thurmond a check for the amount he was to pay. Garrett preferred to give a note. The note was drawn there at the time, and he took it away with him for the purpose of getting his brother and his sister to sign it as sureties; the understanding being that he should do so and should then mail it to Thurmond.

A few days thereafter Garrett wrote Thurmond that he had seen his lawyer and was advised that he was not liable for the amount claimed, and that he would not make the note. He seemed to think that Whittaker was the party that should pay the entire indebtedness. He also wrote Whittaker that he was not going to make the note, and Whittaker stopped payment on his check.

Without going into a detailed statement of the testimony of the three witnesses who were examined on the subject, we are of opinion that Garrett made the agreement as charged in the bill. Thurmond testifies that he did. Whittaker testifies that he did, and, taking Garrett's testimony as a whole, we think the proper construction of it is that he made the agreement at the place and time stated, but, after talking with his lawyer, decided not to carry it out.

However, as stated above, it is very earnestly insisted for Garrett that, if he made the agreement, it was without consideration, and therefore is not binding. Authorities are cited to support this contention. We do not think they are in point. It is undisputed, as we understand the record, that Thurmond had lost a one-twelfth interest in a tract of land that Garrett had conveyed to him by a deed as above described, and that this tract of land had been conveyed by Whittaker to Garrett by similar deed, and that Garrett paid Whittaker $1,500 for the land, and that Thurmond paid Garrett $2,250 for it. Therefore it appears, at least there was good reason to believe, that Whittaker was liable to Garrett for a one-twelfth interest in the land, rents, improvements, etc., on the basis of a consideration of $1,500; and that Garrett was liable to Thurmond for a one-twelfth interest in the land, rents, improvements, etc., on the basis of a consideration of $2,250. The parties met for the purpose of compromising and settling these differences. They did settle them. And it is well settled that:

"The compromise of a claim which is asserted in good faith and under color of right is conclusive and binding on the parties thereto when the claim is doubtful, and the compromise made in settlement of a dispute, even though it may be ultimately found that the claimant could not have prevailed. Nor will the court inquire into the adequacy or inadequacy of the consideration for a compromise fairly and deliberately made. Even though one does not receive all that is legally due him; yet, where the sum actually due is in dispute, the avoidance of litigation is a sufficient consideration to support a settlement fairly made with full knowledge of all of the facts." Elliott on Contracts, vol. 1, section 237.

Also see numerous cases cited in support of the text.

In the instant case, it appears that the settlement was fairly made, and that Garrett had full knowledge of all of the facts. He of course knew the facts with reference to the deed made by him to Thurmond, and, while he was not legally notified of the pendency of the suit of Hafford and Others v. Thurmond and Others, he admits that he knew about that suit. He was also told at the time of the compromise what the facts were with reference to the value of the one-twelfth interest recovered as based on the consideration of $2,250, and also the facts with reference to the improvements, rents, interest, etc. Whittaker had paid an attorney's fee of $150, and, in the settlement, Garrett assumed $50 of this amount. It is not necessary to decide the question of whether Whittaker or Garrett were liable for the attorney's fee. It was considered in the settlement, Garrett was advised as to the facts, he was past 21 years old, is a business man of experience, and he had the right to agree to pay a portion of it if he wanted to, whether it could have been recovered against him as a matter of law or not. The terms of the settlement were figured out in the presence of Garrett, and were arrived at as follows:

Purchase price paid by Thurmond to Garrett .......... $2,250 00

| | |
|---|---|
| One-twelfth of purchase money | $187 50 |
| Interest on same | 48 00 |
| Court costs paid by Thurmond | 125 91 |
| One-twelfth of improvements | 43 50 |

Total amount due Thurmond ................. $404 90

Purchase price paid by Garrett to Whittaker for land .... $1,500 00

| | |
|---|---|
| One-third amount due Thurmond | $134 96 |
| One-third attorney's fees paid by Whittaker | 50 00 |
| Amount Garrett agreed to pay | $184 96 |

Total amount due Thurmond above .............. $404 96
Less amount Garrett agreed to pay in settlement .. 184 96
                                                   ─────────
    Amount Whittaker gave check for ............ $220 00

It does not appear from the record that complainant has collected any portion of the judgment against Whittaker. It was stated by one of the solicitors for appellant in oral argument that it was admitted in the lower court that the judgment against Whittaker had been collected, but the solicitor for Thurmond denied this in his argument. As stated, so far as appears from the record, the judgment has never been collected. However, we do not regard that as material. Garrett is seeking no affirmative relief in this case against Whittaker.

But, aside from the question of compromise, if the chancellor based his finding simply on Garrett's breach of his covenants of seizin and warranty, then Garrett has not been held liable for more than he owes. As stated, the consideration paid Garrett was $2,250. Thurmond lost one-twelfth of the land. One-twelfth of $2,250 is $187.50. The amount of the recovery against Garrett and his said sureties, exclusive of interest, is $184,90.

As we understand the brief filed for appellant, it is admitted that Garrett was liable for a breach of warranty. Near the bottom of page 11 of said brief it is said:

"The liability of 'Garrett' under the breach of warranty would have been $187.50 or one-twelfth of the consideration received by said T. L. 'Garrott,' together with interest thereon, as prayed by complainant, provided the court in its discretion decided to award interest."

But appellant argues that complainant is not entitled to recovery against both defendants of a greater sum than that for which Garrett is liable. He states that the amount of recovery against Garrett, plus interest, on the breach of covenants, would be $235, and says that, since complainant has recovered a judgment against Whittaker for $220, he is only entitled to recover from Garrett the difference, which would be $15. We do not think this argument is sound. If complainant had sued solely for breach of the covenants in the deed, he might have procured judgment against both Garrett and Whittaker for the damages sustained, and, if he collected the judgment from one defendant, of course he could not collect it from the other. But, as stated, it does not appear from the record that complainant has received anything from Whittaker. The fact of his having a judgment against Whittaker does not estop him from collecting from Garrett.

We think there is no error in the decree of the chancellor, and the assignments of error are overruled, and the decree affirmed. Judg-

ment will be entered in this court against T. L. Garrett, D. J. Garrett, and Q. W. Fowler for the amount of the decree of the chancery court, together with proper interest. Complainant will also recover of T. L. Garrett, D. J. Garrett, Q. W. Fowler, and the sureties on their writ of error bond the cost of the writ of error.

Affirm and remand.

Heiskell and Owen, JJ., concur.