# PALMER v. DEHN.—198 S. W. (2d) 827.

Eastern Section.  November 13, 1946.

Petition for Certiorari denied by Supreme Court, January 17, 1947.

598

John A. Rowntree, of Knoxville, for plaintiff in error.

John R. Todd, Jr., of Kingsport, for defendant in error.

BURNETT, J. This suit is based on a two count declaration. The first count is to recover damages for personal injuries due to the negligence of the plaintiff in error. The second count is for breach of contract based on a promise of the plaintiff in error to compensate the defendant in error for the personal injuries received in the accident as set forth in the first count.

Pleas of not guilty and non-assumpsit were plead to this declaration.

The case was tried to a jury. At the conclusion of the plaintiff's proof and at the conclusion of all proof the defendant (plaintiff in error) moved specially for a directed verdict as to each count. Both motions were overruled and a verdict was returned by the jury against the defendant.

The facts and legitimate inferences to be drawn therefrom, as viewed from the plaintiff's (defendant in error's) standpoint, are: On October 31, 1944 (summons herein was issued October 24, 1945), Mr. Dehn, a skilled mechanic and traveling representative of Transit Bus Sales

Company of St. Louis, Missouri, made one of his quarterly trips to Knoxville. On this trip he contacted Mr. Palmer who had formerly purchased a motor bus from the company Mr. Dehn represented. On being informed that Mr. Palmer was having mechanical trouble with this bus, Dehn went with him to the place the bus was parked. Dehn inspected the bus and told Palmer a belt was too loose. Palmer's driver went away and got the belt tightened. When the driver returned with the tightened belt, the three, Palmer, Dehn and the driver, discussed the matter at length. Dehn was then attempting to show Palmer how tight it should be when the driver started the motor cutting off two of Dehn's fingers. Dehn thought all the time that the driver was out of the car and that no one was inside that could start the motor. Before putting his fingers in their position of peril Dehn did not throw a safety switch which he knew was there so as to prevent injury to him. His explanation for not using this safety switch was that it was to be used when men were working at opposite ends of the bus and since he thought the driver was with him he did not deem it necessary to take this precaution.

Palmer immediately rushed Dehn to a local hospital. On the way to the hospital Palmer said: "I am awful sorry this happened, but don't worry a minute. I will see you are compensated for the loss of your finger, take care of your expenses for the loss of your finger, and all." Later Palmer made a similar assurance.

It is very earnestly and ably argued that the trial judge should have directed a verdict on behalf of the defendant as to the second count (one based on above contract) because there is no consideration for said promise or contract.

■■ For there to be a consideration in a contract between parties to the contract it is not necessary that something concrete and tangible move from one to the other. Any benefit to one and detriment to the other may be a sufficient consideration. The jury may draw any reasonable and natural inference from the proof and if by inference from the proof and if by inference a benefit to the promisor and detriment to the promisee might be inferred this will constitute a valid consideration. In the instant case the jury was justified in inferring that the promisee accepted this promise if it were performed within a reasonable time; that in foregoing his right of action for a reasonable time was a good consideration moving to the promisor; they were clearly justified in inferring that the basis of the promise of the promisor was for forbearance in bringing suit. By forbearing he might have readily born a detriment. The promisor might easily have gained a benefit by such a forbearance. See 12 Am. Jur., Sec. 85, page 580.

"An agreement to forbear, for a time, proceedings at law or in equity, to enforce a well-founded claim, is a valid consideration for a promise. . . . Nor need the agreement to delay be for a time certain, for it may be a reasonable time only, and yet be a sufficient consideration for a promise." Beasley v. Gregory, 2 Tenn. App. 378, 382, opinion by Faw, P. J., in which he cites ample authority for the statement.

■■■ It is next insisted that the motion for a directed verdict should have been sustained as to the first count because of the contributory negligence of the plaintiff.

It is true there was introduced herein very positive proof contrary to that heretofore detailed which tended to show the plaintiff guilty of contributory negligence. This though merely made a question for the jury who

under proper instructions on the subject decided in favor of the plaintiff. We think there was material evidence to support the verdict. We must "not lightly . . . assume the primary duty of determining liability or non-liability, in actions of tort, but . . . leave that duty where the Constitution has placed it, with the jury, as triers of facts, and if they act capriciously and arbitrarily to supervise their action." Jackson v. B. Lowenstein & Bros., 175 Tenn. 535, 136 S. W. (2d) 495, 496; Wilenzick v. Austin, 180 Tenn. 591, 177 S. W. (2d) 548.

The result is all assignments must be overruled and the judgment below affirmed.

Hale, J., concurs.

McAMIS, J. (dissenting). I am unable to follow the majority in holding that an enforceable contract arises from the circumstances of the case or the language quoted in the majority opinion.

I cannot think there was any intention to make a binding contract but, if so, there was no consideration moving from plaintiff to defendant. There was no detriment to plaintiff and no benefit to the defendant. The plaintiff had the same right to sue in tort after the promise was made that he had before as indicated by the fact that he is still asserting his tort action in the first count of the declaration and it follows that defendant was not benefited by being relieved of tort liability.

I can find no basis for holding that there was an inference of a forbearance to sue which would furnish a sufficient supporting consideration. There is no suggestion that this was a condition of the promise and the tort action was not lost to plaintiff as a result of being induced to delay bringing suit beyond the limitation period.