NANCY CLINARD, Plaintiff-in-Error, v. DR. JEFF
PENNINGTON, JR., Defendant-in-Error.
—438 S.W.2d 748.

Middle Section. December 6, 1968.

Certiorari Denied by Supreme Court March 3, 1969.

130

Francis J. Steiner, Jr., Nashville, for plaintiff in error.

Dan E. McGugin, Jr., William Willis, Jr., Hooker, Hooker & Willis, Nashville, for defendant in error.

TODD, J. This is a malpractice suit wherein the jury found in favor of the defendant, Dr. Jeff Pennington, Jr., and the plaintiff, Nancy Clinard, has appealed in error.

The plaintiff's suit is based upon alleged negligence in leaving a surgical sponge in plaintiff's abdomen, failure to discover and remove same, and deceptive reassurances. The plea of defendant was not guilty and statute of limitations.

The judgment of the trial court, as approved for entry by counsel for both parties, recites:

"The jury * * * do say upon their oaths that they find the issues joined in favor of the defendant and find the defendant not guilty"

The first assignment of error is:

"(1) There was no evidence to support the verdict and judgment".

Two issues were submitted to the jury, negligence and statute of limitations. Since the second assignment deals specifically with the statute of limitations, the first assignment will be considered only in connection with the issue of negligence.

Although defendant denied negligence generally, the critical issue of fact was whether or not a surgical sponge (otherwise denoted a "pack and ring" or "laparotomy pack") was actually left in the body of plaintiff during the surgical procedure conducted by defendant.

The statute makes general verdicts applicable to every issue joined, whether by separate counts of a declaration, plea, replication or joinder of issue thereon or otherwise. T.C.A Sec. 20-1318, Summers v. Bond Chadwell Co., 24 Tenn.App. 357, 374, 145 S.W.2d 7 (1939).

The purpose of the statute is to require the application of a general verdict for the defendant to each defensive plea which is supported by the evidence. Hammons v. Walker Hauling Co., 196 Tenn. 26, 263 S.W.2d 753 (1953).

In this case, the general verdict in favor of the defendant must be accepted as a finding by the jury that the plaintiff had not proven by a preponderance of all the evidence that the surgical sponge was negligently left in the body of plaintiff during the surgery presided over by the defendant.

Plaintiff insists that the jury was obliged to find that defendant left the sponge in plaintiff's body because

there was no evidence that the sponge was left in plaintiff's body on any occasion other than the surgery by defendant. Plaintiff had undergone other surgery previous to that performed by defendant, but plaintiff contends that the uncontroverted evidence excludes the reasonable probability that the sponge originated in such previous surgery.

The sponge was found in the upper left corner of the abdomen, below the colon and stomach. The surgery performed by the defendant was in the upper center of the abdomen above the colon and stomach. Previous surgery or surgical procedures by others involved removal of appendix, removal of a growth from a kidney, removal of an ovary and tube, and and removal of uterus. A part of the report of the latter surgery includes reference to the discovery of a hiatal hernia which admitted four fingers. Although the removal of the uterus involved only the lower portion of the abdomen, the insertion of four fingers into a hiatal hernia involved the selfsame area in which defendant operated, for defendant repaired the hiatal hernia.

It is insisted that it was conclusively shown that the sponge was not present prior to defendant's operation by the fact that X-Ray pictures taken before defendant's operation did not disclose the presence of the sponge and the fact that defendant did not discover the sponge during his operation. This evidence is strong and pursuasive, but not conclusive. There is evidence that the X-Rays taken before the surgery did not include the area in which the sponge was ultimately found. Defendant testified that his surgery did not include the area in which the sponge was found.

134

█ The defendant's own testimony, if given full weight, supports the finding of the jury. Defendant did not specifically deny leaving the sponge in defendant's body because, as he said, a number of individuals are involved in a surgical operation, and the surgeon cannot have personal knowledge of all that transpires. Defendant did outline the procedure which was followed, and produced the records that were made to assure that no sponge was left inside the incision. From this testimony, and the absence of similar testimony regarding previous surgery, the jury would have been justified in finding for the defendant on the issue of negligence.

██ There was no direct evidence that defendant left the sponge in defendant's body, and there was no direct evidence that he did not. All of the evidence was circumstantial. The inferences or deductions to be made from the proven circumstances were peculiarly within the province of the jury. The jury drew its own inferences from the evidence presented. Where the evidence is susceptible to different inferences, the appellate court cannot substitute its own deductions for those made in the lower court. 5A C.J.S. Appeal and Error sec. 1642, p. 214, Aetna Life Insurance Co. of Hartford, Conn. v. Bidwell, 192 Tenn. 627, 241 S.W.2d 595 (1951).

█ In order to reach a verdict for the defendant, it was not necessary for the jury to find that the preponderance of all the evidence affirmatively showed that plaintiff's injury resulted from causes other than defendant's negligence. It was enough if the jury found that the probability of other sources of the injury was such that plaintiff had failed to prove by preponderance of the evidence that the injury resulted from negligence of the defendant.

This Court is not authorized to reweigh the evidence. Even though the members of this Court might reach conclusions of fact differing from those reached by the jury, if there is any material evidence to justify the finding of the jury, it may not be disturbed on appeal. Houser v. Persinger, 57 Tenn.App. 401, 419 S.W.2d 179 (1967).

As was said in Palmer v. Dehn, 29 Tenn. App. 597, 198 S.W.2d 827 (1946):

"We must 'not lightly * * * assume the primary duty of determining liability nor nonliability, in actions of tort, but * * * leave that duty where the Constitution has placed it, with the jury, as triers of facts, and if they act capriciously or arbitrarily to supervise their action.' " (citing cases) 29 Tenn.App. at 601, 198 S.W. 2d at 828.

Plaintiff's first assignment of error is respectfully overruled.

Plaintiff's second assignment of errors is as follows:

"(2) There was no evidence to support a defense based on the statute of limitations since:

(a) Appellant's testimony was consistent with Dr. Gordon's records,

(b) appellant's cause of action did not accrue until the discovery of the pack and ring, and

(c) appellee was estopped to argue the patient-physician relationship terminated prior to the discovery of the pack and ring because of his uncontroverted representations to appellant that she should wait and she would get better.

■ Plaintiff's brief and argument contains no reason why proposition (a) above supports the second assignment of error, nor has any reason occurred to this Court. Proposition (a) is therefore deemed to be waived. Rule 13, Rules of Court of Appeals.

In support of proposition (b) quoted above, plaintiff argues with great earnestness, supported by many authorities from other jurisdictions, that the right of action does not "accrue", hence the statute of limitations does not begin to run, until the discovery of the injury or wrong. The members of this Court are sympathetic with the plight of those who discover their rights too late to assert them, but this Court is without power to devise or decree a means of relief in contradiction of the legislated policy of the State, 28-304, T.C.A., and the pronouncements of our Supreme Court.

In Albert v. Sherman, 167 Tenn. 133, 67 S.W.2d 140 (1934) the Supreme Court affirmed the trial court in sustaining a demurrer to a declaration which alleged that defendant had left a root of a tooth imbedded in plaintiff's gum more than one year before suit was brought, but same was not discovered until a later date within the statutory period. The Supreme Court said:

"(1) Bodne v. Austin, 156 Tenn. 353, 2 S.W.2d 100, 62 A.L.R. 1410 (the wife's case), settles the proposition that an action for injuries to the person, whether viewed as one in contract or one in tort, is barred by the one-year statute of limitations. Code, sec. 8595, Bodne v. Austin, 156 Tenn. 366, 2 S.W.2d 104, 105 (the husband's case), adjudges that the mere failure of a plaintiff to discover the existence of his cause of action does not prevent the running of the statute. * * *"

The Court of Appeals, as an intermediate appellate court, is bound by the Supreme Court's opinion which has not been overruled. World Secret Service Association, Inc. v. Travelers Indemnity Co., 55 Tenn. App. 122, 396 S.W.2d 848 (1965). Law as previously declared by the Supreme Court or enacted by the Legislature may be changed only by the Supreme Court or Legislature, and not by the Court of Appeals. In re Kerby's Estate, 49 Tenn.App. 329, 354 S.W.2d 814 (1961).

Furthermore, to sustain plaintiff's contention, it would be necessary to overrule the recent pronouncements of this Court in Frazor v. Osborne, 57 Tenn.App. 10, 414 S.W.2d 118 (1966) and Hall v. De Saussure, 41 Tenn.App. 572, 297 S.W.2d 81 (1956).

Plaintiff's proposition (b), above, is respectfully rejected.

Plaintiff's proposition (c) is founded upon the alleged reassurances of defendant, and plaintiff's reliance thereon.

The surgery by defendant occurred on September 9, 1963. After leaving the hospital, plaintiff went to defendant for post-operative examinations on three occasions the last of which was on November 11, 1963 at which time plaintiff was "dismissed". Plaintiff did not consult defendant thereafter until May 5, 1965, on which date her regular physician, Dr. Gordon, was out of town and she was directed to defendant for treatment of a spider bite. On this occasion, plaintiff asked defendant why her side still hurt and was told that it was because of her size and that in time it would get all right. Defendant did not examine or treat the area of abdominal complaint on this date. There was no professional contact

between plaintiff and defendant from May 5, 1965 until June 2, 1966, when suit was filed.

It is the insistence of plaintiff that, relying upon the reassurance given her on May 5, 1965, she delayed any efforts to locate or remedy the cause of her pain, and the physician-patient relationship continued until the date of the discovery of the sponge, February 14, 1966.

There was evidence from which the jury might have found, as it did find, that the professional relationship did not continue as insisted by plaintiff. The dismissal of plaintiff on November 11, 1963, her failure to return to defendant at any time thereafter in connection with the surgery, her re-employment of her previous physician and continued treatment by him from March 30, 1965, to the date of discovery of the sponge are circumstances inconsistent with the continuation of the physician-patient relationship between defendant and plaintiff.

Authorities have been heretofore cited which require that this Court accept, adopt and affirm all reasonable inferences drawn by the jury from the evidence in the record. The jury inferred, and concluded, that the professional relationship did not continue long enough to preclude the statute of limitations. The verdict of the jury in this regard, supported by substantial evidence is not subject to revision on appeal.

Plaintiff's brief insists that defendant is estopped to rely upon the statute because of representations relied upon by plaintiff to her detriment, citing Jackson v. Kemp, 211 Tenn. 438, 365 S.W.2d 437 (1963) which was a case involving a specific agreement to withhold suit in exchange for a promise to pay certain bills. Such circumstances do not exist in the present case.

█ It was held in Hall v. De Saussure, supra, that fraudulent concealment of a known act of malpractice by the defendant may prevent the running of the statute of limitations. The essence of fraudulent concealment is knowledge in the possession of the person committing the fraud. There is no evidence in this record that defendant knew that the sponge was in plaintiff's body and knowingly concealed this information from her.

Plaintiff cites 34 Am.Jur., Limitation of Actions, Sec. 412, p. 324 for the proposition that actual fraud, bad faith or an intent to mislead is not essential to create an estoppel. The same article contains the following:

"* * * It is sufficient for this purpose that the debtor made misrepresentations which misled the creditor, who acted upon them in good faith, to the extent that he failed to commence action within the statutory period."

█ It would be rather difficult to hold that a doctor who operated on September 3, 1963, saw and dismissed his patient on November 11, 1963 and had no further contact with his patient from November 11, 1963 until May 5, 1965, had estopped himself from pleading the statute of limitations. On May 5, 1965 one year and eight months had elapsed since the operation and nearly one year and six months since plaintiff's previous contact with defendant. On May 5, 1965, the statute of limitations had already run. Any representation made at that time could not have induced plaintiff to allow the statute to expire, for it had already expired. The authority cited is therefore not in point in the present case.

In 53 C.J.S. Limitations of Actions sec. 25, p. 967, is found the following:

"The conduct or statement of defendant will not estop him from asserting the bar of limitations where a substantial period for suit supervened after expiration of the delay engendered by defendant, * * *''

Cases are cited from Kentucky, Michigan, Texas, California, Illinois, Indiana and Pennsylvania in support of the foregoing text.

 Estoppel cannot be sustained in this Court for the further reason that this issue, along with all other material issues, was resolved in favor of the defendant by the general verdict of the jury. The inferences to be drawn from the facts in evidence are for the jury and may not be revised on appeal.

Plaintiff's proposition (c) is respectfully rejected and plaintiff's second assignment of error is respectfully overruled.

Either of defendant's pleas, if sustained by the jury, were fatal to plaintiff's suit. Both pleas were sustained. In order to overturn this verdict, it would be necessary for this Court to sustain both assignments of error and reverse both findings of the jury. This Court has been unable to sustain either assignment of error or reverse either finding of the jury, hence the verdict and judgment must stand.

The plaintiff has been wronged by someone. It is regrettable that her efforts to secure just compensation are restricted by the difficulty in producing proof of facts and the limitation which our law places upon the time for seeking redress.

The judgment of the trial court is affirmed with costs.

Affirmed.

Shriver, P. J. (M.S.), and Puryear, J., concur.