IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 23, 2020 Session

## WAYNE C. LANCE v. ALCOA HOTEL HOSPITALITY, LLC

**Appeal from the Chancery Court for Knox County**
**No. 190497-2        Clarence E. Pridemore, Jr., Chancellor**

_____

### No. E2019-01100-COA-R3-CV

_____

The plaintiff instituted this action to recover payments allegedly due under an agreement to sell his membership interest in a corporation. Following a bench trial, the trial court agreed with the defendant corporation's contention that the "additional consideration" provision of the agreement was void and unenforceable because it was not supported by consideration. The trial court determined that the corporation received no consideration in exchange for its promise to make annual payments to the plaintiff. The plaintiff has appealed. Upon thorough review, we conclude that sufficient consideration supported the agreement, and we reverse the trial court's judgment in that regard. The balance of the trial court's judgment is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed in Part, Reversed in Part; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., joined.[1] RICHARD H. DINKINS, J., not participating.

Wayne C. Lance, Louisville, Tennessee, Pro Se.

Robin M. McNabb, Knoxville, Tennessee, for the appellee, Alcoa Hotel Hospitality, LLC.

**OPINION**

I. Factual and Procedural Background

On October 16, 2015, the plaintiff, Wayne Lance, brought suit in the Knox County Chancery Court ("trial court") against Alcoa Hotel Hospitality, LLC ("Alcoa"); C. Michael Gibson, the chief manager of Alcoa; and Terry Lewis, another officer of Alcoa

_____

[1] This case was reassigned to the authoring judge on September 2, 2020.

(collectively, "Defendants"), to recover payments allegedly due him pursuant to an April 1, 1999 written agreement ("the Agreement"). In the Agreement, a copy of which was attached to his complaint, Mr. Lance agreed to sell his 5.4724% interest in Alcoa to Terry Lewis for $50,000.00 plus "other good and valuable consideration." The Agreement was signed by Mr. Gibson on behalf of Alcoa, Mr. Lance individually, and Mr. Lewis individually.

Mr. Lance does not dispute that he received the initial $50,000.00 payment. However, in addition to the initial cash payment, the Agreement provides for the following compensation:

> **As additional consideration for the sale of his interest(s) Alcoa Hotel Hospitality, LLC (AHH) shall pay to Lance a fee equal to 33% of all management fees which shall accrue over and above 3% as shown on Exhibit A attached hereto which was presented to investors and lenders under line item "Management Fees"**.

(Emphasis in original.) In his complaint, Mr. Lance stated, *inter alia*, that from 1999 to 2010, Defendants "adequately performed on this Agreement per the terms; however, Defendants stopped performing on this contract from 2011 to this year." Mr. Lance therefore asserted that Defendants had breached the Agreement and sought judgment in the amount of $47,404.77 plus attorney's fees and other costs.[2]

On November 20, 2015, Alcoa filed an answer and counter-complaint, denying that Mr. Lance was due any relief pursuant to the Agreement. Alcoa contended that the Agreement was void and unenforceable as to Alcoa because Alcoa was not a party to the Agreement. In the counter-complaint, Alcoa sought a refund of all fee payments that had been made from 1999 to 2010. On the same date, Mr. Gibson and Mr. Lewis filed a joint motion seeking to have the individual claims against them dismissed, claiming that any payment due under the Agreement would be Alcoa's responsibility.

Upon a February 2, 2016 notice of voluntary dismissal filed by Mr. Lance's former counsel pursuant to Tennessee Rule of Civil Procedure 41.01, the trial court entered an order on February 4, 2016, dismissing Mr. Gibson and Mr. Lewis from the action without prejudice. More than a year later, on June 21, 2017, Mr. Lance, proceeding *pro se*, filed a "Motion to Rescind and Void Order of Dismissal," requesting that the trial court reinstate Mr. Gibson and Mr. Lewis as defendants. In support, Mr. Lance asserted that his former counsel had convinced him to agree to the voluntary dismissal of Mr. Lewis and Mr. Gibson despite "compelling evidence of personal liability." On September 22, 2017, the

---

[2] Although Mr. Lance filed an amended complaint on July 13, 2017, seeking, *inter alia*, to increase the amount of damages requested to $85,101.00 plus future management fees owing to him, the trial court never granted permission for such amendment.

trial court entered an order denying Mr. Lance's motion upon finding that although it "presume[d]" that Mr. Lance was seeking relief pursuant to Tennessee Rule of Civil Procedure 60.02, no grounds existed for such relief. Thereafter, Mr. Lance filed several other motions seeking to reinstate Mr. Lewis and Mr. Gibson as parties during the pendency of the proceedings, with the last being an oral motion presented on the day of trial. All such motions were denied by the trial court.

Meanwhile, on August 30, 2017, Alcoa filed a motion for summary judgment, asserting that no genuine issue of material fact existed concerning the lack of consideration provided to Alcoa in the Agreement. Mr. Lance filed a response, alleging that the consideration to Alcoa was that Mr. Lance would no longer be involved in the company, which was the desire of Mr. Gibson and another Alcoa member. On December 12, 2017, the trial court entered an order denying summary judgment, finding that material issues of fact existed regarding whether Mr. Lance's selling his interest in Alcoa benefitted the corporation. Alcoa subsequently filed a motion to alter or amend that decision or for leave to file an interlocutory appeal. Although the trial court entered an order granting leave for Alcoa to file an interlocutory appeal on February 5, 2018, this Court entered an order denying permission to file an interlocutory appeal on April 24, 2018.

Numerous motions were filed by the parties during the pendency of this action in the trial court, including motions for sanctions. The trial court conducted a non-jury trial on February 28, 2019, concerning Mr. Lance's claims. Upon the conclusion of trial, the court took the matter under advisement, inviting the parties to file proposed findings of fact and conclusions of law. Mr. Lance subsequently filed a motion to amend his complaint, pursuant to Tennessee Rule of Civil Procedure 15.01, to reinstate Mr. Lewis and Mr. Gibson as party defendants, as well as other motions, all of which were denied by the trial court's order entered May 15, 2019.

On May 29, 2019, the trial court entered "Findings of Facts and Conclusions of Law and Order," determining that Mr. Lewis had agreed to purchase Mr. Lance's interest in Alcoa for $50,000.00. The court also determined that Mr. Gibson had executed the Agreement on Alcoa's behalf and that Alcoa was supposed to withhold money owed to Mr. Gibson to be forwarded to Mr. Lance.[3] The court further determined that Mr. Lewis purchased Mr. Lance's interest individually and that Alcoa "could not obligate itself to make payments to [Mr. Lance] since it did not receive the asset being transferred." The court found that Mr. Lance had failed to demonstrate that he provided any consideration to Alcoa for its agreement to pay fees to him. As such, the court concluded that Mr. Lance did not have an enforceable contract with Alcoa and awarded judgment in Alcoa's favor. Mr. Lance filed a notice of appeal with this Court on June 20, 2019.

---

[3] Although the trial court noted that the Agreement was never introduced as an exhibit during the trial, the Agreement was attached to Mr. Lance's complaint, and the parties read portions of it into the record at trial.

The appellate record contains a motion that Alcoa filed with the trial court on July 3, 2019, pursuant to Tennessee Rule of Civil Procedure Rule 54.02, requesting that the May 29, 2019 order be certified as a final judgment despite the fact that Alcoa's claims for relief had not yet been adjudicated. On July 5, 2019, Alcoa filed a motion in this Court seeking remand of the matter to the trial court for entry of a final judgment as well as a separate motion to correct the designation of parties on appeal; Mr. Lance filed responses to both motions. On August 7, 2019, Mr. Lance also filed a motion seeking a new trial in the trial court.[4] The appellate record further evinces an order from the trial court entered on August 12, 2019, certifying the May 29, 2019 judgment as final pursuant to Rule 54.02. On the same date, Alcoa filed a notice in this Court stating that it was withdrawing the motion to remand based upon the trial court's entry of an order certifying the May 29, 2019 order as a final judgment.[5]

## II. Issues Presented

Mr. Lance presents the following issues for this Court's review, which we have restated slightly and combined to avoid repetition:

1.   Whether the trial court erred by declining to allow Mr. Lance to introduce certain evidence at trial, thereby allegedly denying his right to due process of law.

2.   Whether the trial court erred by determining that the Agreement was not enforceable as to Alcoa for lack of consideration.

3.   Whether the trial court erred by denying Mr. Lance's motions to add Mr. Gibson and Mr. Lewis as party defendants.

Alcoa presents the following additional issue:

---

[4] Mr. Lance did not cite an applicable procedural rule in his motion seeking a new trial. Because the trial court had not entered a final order at the time Mr. Lance filed his motion, we consider Mr. Lance's motion as filed pursuant to Tennessee Rule of Civil Procedure 54.02. *See Discover Bank v. Morgan*, 363 S.W.3d 479, 488 (Tenn. 2012) ("[M]otions seeking relief from a trial court's decision adjudicating fewer than all of the claims, rights, and liabilities of all the parties, should be filed pursuant to Rule 54.02."). As demonstrated by the hearing transcript, the trial court was aware of and considered Mr. Lance's motion for new trial, and the court's August 12, 2019 order implicitly denied Mr. Lance the relief sought in his motion.

[5] Although we consider it to have been a better practice for counsel to wait until this Court had ruled on the motion to remand before presenting the motion to certify the judgment to the trial court, inasmuch as the judgment has now been duly certified pursuant to Rule 54.02, we will consider Mr. Lance's prematurely filed notice of appeal as being filed after entry of the August 12, 2019 order certifying the judgment as final and proceed to decide the merits of this appeal. *See* Tenn. R. App. P. 4(d).

4

4.      Whether Mr. Lance's appeal is frivolous, such that Alcoa should be granted an award of attorney's fees incurred on appeal.

## III.  Standard of Review

Our review of the trial court's judgment following a non-jury proceeding is *de novo* upon the record with a presumption of correctness as to the trial court's findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). "In order for the evidence to preponderate against the trial court's finding of fact, the evidence must support another finding of fact with greater convincing effect." *Wood v. Starko*, 197 S.W.3d 255, 257 (Tenn. Ct. App. 2006). We review questions of law, including those involving interpretation of the Tennessee Rules of Civil Procedure, *de novo* with no presumption of correctness. *Green v. Moore*, 101 S.W.3d 415, 418 (Tenn. 2003).

We note that pleadings "prepared by pro se litigants untrained in the law should be measured by less stringent standards than those applied to pleadings prepared by lawyers." *Stewart v. Schofield*, 368 S.W.3d 457, 462 (Tenn. 2012) (citing *Carter v. Bell*, 279 S.W.3d 560 568 (Tenn. 2009); *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003); *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003)). Although parties proceeding without benefit of counsel are "entitled to fair and equal treatment by the courts," we "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003).

## IV.  Evidentiary Rulings

In his appellate brief, Mr. Lance appears to present the following argument concerning the trial court's evidentiary rulings:  that the trial court erroneously ruled regarding hearsay objections, resulting in the trial court's improper exclusion of certain deposition testimony. At the outset, we address Mr. Lance's ostensible assertion that Alcoa's counsel misused hearsay objections and/or that the trial court ruled on such objections incorrectly. Mr. Lance appears to take issue with the court's rulings concerning a series of hearsay objections regarding statements made by Mr. Lance in the course of his argument or during his presentation of evidence.

As this Court has previously explained:

Trial courts are given wide latitude on evidentiary decisions and we will only overturn the trial court's decision upon a showing of an abuse of discretion. *Danny L. Davis Contractors, Inc. v. Hobbs*, 157 S.W.3d 414, 419 (Tenn. Ct.

5

App. 2004). "The abuse of discretion standard requires us to consider: (1) whether the decision has a sufficient evidentiary foundation; (2) whether the trial court correctly identified and properly applied the appropriate legal principles; and (3) whether the decision is within the range of acceptable alternatives." *Id*. (citing *Crowe v. First Am. Nat'l Bank*, No. W2001-00800-COA-R3-CV, 2001 WL 1683710, at *9 (Tenn. Ct. App. Dec. 10, 2001)).

*McGarity v. Jerrolds*, 429 S.W.3d 562, 566 (Tenn. Ct. App. 2013).

We recognize and respect that Mr. Lance proceeded self-represented at trial. Our review of the trial court's evidentiary rulings is somewhat hampered by the fact that, in our reading of the transcript, it is difficult to differentiate Mr. Lance's arguments, statements, or responses to the trial court from his personal testimony, particularly because his statements (in whatever context) are interspersed with the objections and arguments of Alcoa's counsel along with questions and explanations from the court addressed to Mr. Lance as well as to Alcoa's counsel.

Our review of this issue is further thwarted, however, by the fact that Mr. Lance's appellate brief fails to comply with Tennessee Rule of Appellate Procedure 27(a)(7) and the Tennessee Court of Appeals Rule 6(a) in several respects. Tennessee Rule of Appellate Procedure 27 states in pertinent part:

> (a)     Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:
>
> * * *
>
> (7)     An argument, which may be preceded by a summary of argument, setting forth:
>
> (A)     the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and
>
> (B)     for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues) . . . .

Similarly, Tennessee Court of Appeals Rule 6 provides in pertinent part:

    (a)     Written argument in regard to each issue on appeal shall contain:

        (1)     A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.

        (2)     A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

        (3)     A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.

        (4)     A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

    (b)     No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded.  No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

We conclude that Mr. Lance's appellate brief contains significant deficiencies with regard to the above-listed requirements.  Although Mr. Lance has argued that the trial court's hearsay rulings were incorrect, Mr. Lance failed to cite or discuss the Tennessee Rules of Evidence governing hearsay or any of the cases interpreting those rules.  Mr. Lance further failed to present "the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record."  *See* Tenn. R. App. P. 27(a)(7)(A).  In addition, Mr. Lance failed to provide "citation[s] to the record where the erroneous or corrective action is recorded" or to demonstrate that the error was called to the trial court's attention.  *See* Tenn. Ct. App. R. 6.

Despite our application of a less stringent standard respecting Mr. Lance's *pro se*

7

status, as previously explained by this Court, "parties cannot expect this court to do its work for them" and we are "under no duty to verify unsupported allegations in a party's brief, or . . . consider issues raised but not argued in the brief." *See Bean v. Bean*, 40 S.W.3d 52, 56 (Tenn. Ct. App. 2000). "The failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue." *Id.* at 55. By reason of the deficiencies in Mr. Lance's brief, we determine this issue to have been waived. In our review of Mr. Lance's remaining issues, however, we will consider all evidence that was introduced without objection or for which any objection by Alcoa's counsel was clearly overruled by the trial court.

Mr. Lance also appears to assert that the trial court erred when it sustained opposing counsel's objections to Mr. Lance's reading of portions of Mr. Gibson's and Kari Blakney's depositions at trial.[6] The transcript demonstrates that no exhibits or depositions were introduced as exhibits at trial, although Mr. Lance did attempt to read certain portions of deposition testimony into the record. Our review of any alleged error concerning the limitation of Mr. Lance's ability to read portions of depositions is restricted by Tennessee Rule of Evidence 103(a)(2), which provides:

(a)     **Effect of Erroneous Ruling**. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

\* \* \*

(2)     *Offer of Proof*. In case the ruling is one excluding evidence, the substance of the evidence and the specific evidentiary basis supporting admission were made known to the court by offer or were apparent from the context.

Inasmuch as Mr. Lance failed to make an offer of proof of the excluded evidence, we are precluded from reviewing any alleged error in the trial court's exclusion of such evidence. We therefore determine that Mr. Lance's evidentiary rulings issue has been waived.

### V. Consideration and Enforceability of Agreement

With respect to Mr. Lance's ability to enforce the Agreement against Alcoa, the trial court held that "[Alcoa] could not obligate itself to make payments to [Mr. Lance] since it did not receive the asset being transferred. In this case, the asset was [Mr. Lance's]

---

[6] The only witness who provided testimony at trial besides Mr. Lance was Ms. Blakney, who had been employed since 2011 by Gibson Hotel Management Company, which managed Alcoa. Ms. Blakney had also previously provided testimony via deposition.

ownership interest in [Alcoa]." The court further determined that "[Alcoa] signed the agreement, but . . . the agreement is unenforceable as to the fee clause because [Alcoa] received no consideration in exchange for paying funds to [Mr. Lance]." Mr. Lance argues that the transfer of his interest in Alcoa to Mr. Lewis constituted consideration that inured to the benefit of Alcoa.

Alcoa posits that the fee clause was void and unenforceable because it was a gratuitous promise that was not supported by consideration. Based upon our thorough review of the record, we determine that the trial court erroneously focused solely on the fact that Alcoa did not receive Mr. Lance's ownership interest in Alcoa when determining that no consideration was afforded Alcoa for the funds it agreed to pay Mr. Lance. Considering the evidence in its entirety and in context, we conclude that Alcoa did not sustain its burden to overcome the statutory presumption that consideration existed for Alcoa's portion of the Agreement.

Tennessee Code Annotated § 47-50-103 (2018) provides: "All contracts in writing signed by the party to be bound, or the party's authorized agent and attorney, are prima facie evidence of a consideration." In applying a previous version of this statute, then codified as § 47-1702, our Supreme Court has explained that the party claiming a lack of consideration for a validly executed contract has the burden of overcoming this presumption. *See Douglas v. Gen. Motors Acceptance Corp.*, 326 S.W.2d 846, 850 (Tenn. 1959).

This Court has further explained the law concerning consideration as follows:

Generally, "consideration for a contract may be either a benefit to the promisor or a detriment to, or an obligation upon, the promisee." [*Bratton v. Bratton*, 136 S.W.3d 595, 602 (Tenn. 2004)]. If a contract does not have valid, mutual consideration, it is invalid and unenforceable. One reason consideration is required as an element of a contract is to prevent the enforcement of gratuitous promises:

It is said that when one receives a naked promise and such promise is broken, he is not worse off than he was; he gave nothing for it, he has lost nothing by it, and on its breach he has suffered no damage cognizable by courts. No benefit accrued to him who made the promise, nor was any injury sustained by him who received it.

*Allman v. Boner*, No. 01A01-9306-CH-00270, 1993 WL 541111, at *2 (Tenn. Ct. App. Dec. 29, 1993) (citing 17A Am. Jur. 2d *Contracts* § 114 (1991)). As a general rule, consideration must be measured at the time the parties enter into their contract and, thus, the diminished value of the

economic benefit conferred, or even a complete lack of value after the parties enter into the contract, does not result in the failure of consideration.

"Any consideration, however small, will support a promise." *Smith v. Riley*, No. E2001-00828-COA-R3-CV, 2002 WL 122917, at *3 (Tenn. Ct. App. Jan. 30, 2002) (quoting *Danheiser v. Germania Savs. Bank & Trust Co.*, 137 Tenn. 650, 194 S.W. 1094, 1096 (1917)). Courts "will not inquire into the adequacy or inadequacy of the consideration for a compromise fairly and deliberately made." *Canonie Energy, Inc. v. King*, No. 03A01-9506-CH-00200, 1996 WL 87440, at *6 (Tenn. Ct. App. Mar. 1, 1996) (quoting *Thurmond v. Whittaker*, 1 Tenn. App. 111 (1925)). "It is well-settled that consideration exists when the promisee does something that it is under no legal obligation to do or refrains from doing something which it has a legal right to do." *Brown Oil Co. v. Johnson*, 689 S.W.2d 149, 151 (Tenn. 1985); *Pearson v. Garrett Fin. Servs., Inc.*, 849 S.W.2d 776, 779 (Tenn. Ct. App. 1992). "For there to be consideration in a contract between parties to the contract it is not necessary that something concrete and tangible move from one to the other. Any benefit to one and detriment to the other may be a sufficient consideration." *Walker v. First State Bank*, 849 S.W.2d 337, 342 (Tenn. Ct. App. 1992) (citing *Palmer v. Dehn*, 29 Tenn. App. 597, 198 S.W.2d 827, 828 (1946)).

In determining whether an agreement is supported by consideration, we view the agreement in its entirety, "not as separate, unrelated sets of promises." *Anesthesia Med. Group, P.C. v. Chandler*, No. M2005-00034-COA-R3-CV, 2007 WL 412323, at *6 (Tenn. Ct. App. Feb. 6, 2007). "If a contract is in writing and signed by the party sought to be bound, such is *prima facie* evidence of consideration . . . . The burden to overcome this presumption is on the party asserting lack of consideration." *Toliver v. Wall*, No. M2006-00910-COA-R3-CV, 2007 WL 1890648, at *2 (Tenn. Ct. App. June 28, 2007).

*GuestHouse Int'l, LLC v. Shoney's N. Am. Corp.*, 330 S.W.3d 166, 188-89 (Tenn. Ct. App. 2010) (other internal citations omitted.)

We note that Mr. Lance was the only party to the Agreement who testified during trial.[7] Mr. Lance testified that one of the members of Alcoa, Lee Mitchell, provided the financing for the hotel's construction and that Mr. Gibson needed Mr. Mitchell to be

---

[7] The only other testimony was that of Ms. Blakney, whose knowledge of this matter began with her employment in 2011. Ms. Blakney did not and could not refute Mr. Lance's testimony concerning the Agreement; rather, she explained that she conducted a financial analysis for Alcoa and determined that Mr. Lance had been overpaid but stated that she did not "have the legal expertise to determine the validity of a contract or agreement."

satisfied with their business arrangement so that Mr. Mitchell would provide financing for additional hotels. Mr. Lance also related that Mr. Gibson, on behalf of Alcoa, wanted Mr. Lance to leave the LLC because "the deal [with Mr. Mitchell] required it." He further testified that "[Alcoa] entered into the agreement because Alcoa needed [Mr. Lance] out, so it agreed to be the facilitator and deduct money from [Mr. Gibson's] management fees and pay [Mr. Lance] as additional consideration." According to Mr. Lance, he initially paid $50,000.00 to Alcoa for his ownership interest, and he would not have sold it to Mr. Lewis for that same amount without the additional consideration promised by Alcoa. He claimed that the parties' "meeting of the minds" regarding the additional consideration was demonstrated by Alcoa's payment to Mr. Lance of the additional fees every year from 1999 to 2010.

Mr. Lance also read portions of Mr. Gibson's deposition, in which Mr. Gibson was testifying in part as a representative of Alcoa, into the record. Mr. Gibson stated that "the deal required" Mr. Lance to leave Alcoa because "[Mr. Gibson] knew [he] wasn't going to get another deal out of [Mr. Mitchell] and [he] wouldn't have been in business." Mr. Gibson further explained that "[Mr. Mitchell] had the money. I would have never got [the financing] without him, without Compass Bank and [Mr. Mitchell] being on the board."

The Agreement unambiguously provides that "the parties make the following agreement for and in the consideration of $50,000 and other good and valuable consideration" and that Alcoa would pay Mr. Lance management fees "as additional consideration for the sale of his interest(s)." Moreover, it is undisputed that Mr. Gibson executed the Agreement while acting on Alcoa's behalf. As this Court has previously explained, "it is not necessary that something concrete and tangible move from one to the other. Any benefit to one and detriment to the other may be a sufficient consideration." *GuestHouse Int'l*, 330 S.W.3d at 189 (quoting *Walker v. First State Bank*, 849 S.W.2d 337, 342 (Tenn. Ct. App. 1992)). Mr. Lance testified that the benefit to Alcoa was that Mr. Lance would no longer be a member of the LLC with the potential to compromise future deals involving Mr. Mitchell. As such, we conclude that Alcoa made an enforceable promise to Mr. Lance in exchange for Mr. Lance's agreement to sell his ownership interest and leave the company. Ergo, sufficient consideration supported Alcoa's obligation to pay Mr. Lance a percentage of the management fees.

The trial court appeared to regard the provisions of the Agreement concerning payment of the initial $50,000.00 by Mr. Lewis and the payment of additional fees by Alcoa as separate, unrelated promises. However, as stated in *GuestHouse*, we must review the Agreement "in its entirety, 'not as separate, unrelated sets of promises.'" *GuestHouse Int'l*, 330 S.W.3d at 193. Moreover, "[t]he canons of contract construction direct us to first look to the plain language of the contract and to ascertain and effectuate the parties' intent as reflected in that language." *West v. Shelby Cty. Healthcare Corp.*, 459 S.W.3d 33, 41-42 (Tenn. 2014). Upon our review of the plain language of the Agreement, it is clear that Alcoa's promise to pay Mr. Lance a percentage of management fees was related to the

11

preceding provision regarding the sale of Mr. Lance's membership interest; furthermore, the Agreement was executed by Mr. Terry, Mr. Lance, and Mr. Gibson, who signed on behalf of Alcoa.

As previously noted, Mr. Lance was the only party to the Agreement to testify, and his testimony aligns with the plain language of the Agreement. Alcoa did not provide any evidence that the parties intended for each provision to be a separate promise. We therefore conclude that the trial court erroneously analyzed the fee provision as a separate promise unrelated to Mr. Lewis's promise to pay Mr. Lance $50,000.00 in exchange for his membership interest in Alcoa. Having determined that adequate consideration was demonstrated, we reverse the trial court's dismissal of Mr. Lance's claims against Alcoa.

## VI. Reinstatement of Claims against Mr. Gibson and Mr. Lewis

Mr. Lance contends that the trial court erred by denying his motions to reinstate Mr. Gibson and Mr. Lewis as party defendants. To reiterate, Mr. Lance, by and through his former counsel, filed a notice of voluntary dismissal of Mr. Gibson and Mr. Lewis on February 2, 2016. On February 4, 2016, the trial court entered an order dismissing Mr. Gibson and Mr. Lewis from the suit without prejudice. More than a year following, on June 21, 2017, Mr. Lance, acting self-represented, filed a motion "to Rescind and Void Order of Dismissal," requesting that the trial court reinstate Mr. Gibson and Mr. Lewis as defendants. As a basis for his motion, Mr. Lance asserted that his former counsel had convinced him to agree to the voluntary dismissal of Mr. Lewis and Mr. Gibson despite "compelling evidence of personal liability." Mr. Lance cited no specific procedural rule in support of his motion. The trial court denied Mr. Lance's motion and subsequent motions seeking the same relief.

Our Supreme Court has made clear that in order to "re-join" an original defendant who has been voluntarily dismissed from an action without prejudice, the plaintiff is required to file a "new action" pursuant to Tennessee Code Annotated § 28-1-105 (2017), also known as the savings statute, within one year of the order of dismissal. *See Frazier v. E. Tenn. Baptist Hosp., Inc.*, 55 S.W.3d 925, 927-28 (Tenn. 2001). As the High Court explained in *Frazier*:

> Reading Rule 41.01 and Tenn. Code Ann. § 28-1-105 together, their effect is to allow a plaintiff, having already commenced the original lawsuit within the applicable statute of limitations, to take a maximum of two voluntary dismissals without prejudice and still retain the capacity to re-join an original defendant so long as the plaintiff "commence[s] a new action" within one year of the granting of the first nonsuit.

*Id*. The Court further explained that a "new action" can include the filing of an amended complaint or a new complaint. *See id*. In the case at bar, Mr. Lance did not file a new

12

action against Mr. Gibson and Mr. Lewis within one year of the order of voluntary dismissal. Accordingly, the trial court properly denied relief to Mr. Lance on this issue.

## VII. Frivolous Appeal

Alcoa has requested that this Court award damages for a frivolous appeal. "An appeal is deemed frivolous if it is devoid of merit or if it has no reasonable chance of success." *GSB Contractors, Inc. v. Hess*, 179 S.W.3d 535, 547 (Tenn. Ct. App. 2005) (quoting *Wakefield v. Longmire*, 54 S.W.3d 300, 304 (Tenn. Ct. App. 2001)). Based upon our disposition of the case, we determine that the appeal is not frivolous and accordingly deny Alcoa's request.

## VIII. Motion for Sanctions

Mr. Lance has filed a motion in this Court seeking an award of sanctions against Alcoa's counsel for "carr[ying] on a frivolous law suit against [Mr. Lance] over the course of five (5) years." Mr. Lance further asserts that there exists "no evidence of fact or law that warranted this cause of action." We note that although Alcoa did institute counterclaims against Mr. Lance that have yet to be adjudicated, this action was originally filed by Mr. Lance. Thus far, this litigation has focused primarily upon Mr. Lance's breach of contract claim against Alcoa and his numerous and untimely attempts to reassert claims against Mr. Lewis and Mr. Gibson after voluntarily dismissing them from the case. Given the procedural history of the case at bar, we find no basis for assessing sanctions against Alcoa's counsel. Mr. Lance's motion is accordingly denied.

13

## IX. Conclusion

For the foregoing reasons, we reverse the judgment of the trial court dismissing Mr. Lance's breach of contract claim against Alcoa. The balance of the trial court's judgment is affirmed. This case is remanded to the trial court, pursuant to applicable law, for further proceedings consistent with this opinion and collection of costs assessed below. Mr. Lance's motion for sanctions filed in this Court and Alcoa's request for damages for a frivolous appeal are denied. Costs on appeal are assessed to the appellee, Alcoa Hotel Hospitality, LLC.

_____

THOMAS R. FRIERSON, II, JUDGE